[No. 35345.   Department Two.   November 9, 1960.]

IDA FOX et al., *Appellants*, v. GERALD LEE FARNSWORTH et al.,
*Respondents.*[1]

*Splawn & Bounds,* for appellants.

*Palmer, Willis & McArdle,* for respondents.

FOSTER, J.—The sole question for decision in this auto-
mobile accident case is whether the court was correct in
granting the defendants' motion challenging the sufficiency
of the evidence at the close of the plaintiffs' case and dis-
missing the action.  Appellants, plaintiffs below, appeal
from the judgment dismissing the action.

It is familiar law that such a motion involves no element
of discretion, and the evidence must be taken in the view

[1]Reported in 356 P. (2d) 723.

most favorable to the plaintiff which includes, of course, all favorable inferences.

On May 30, 1958, appellant wife was driving the family car on north Fourth Street in Yakima, Washington. Following a short distance behind the Fox car, was the respondent in his car. Mrs. Fox had entered Fourth Street from Thornton Lane which streets intersect at right angles. At that intersection, Mrs. Fox stopped her car and signaled for a left turn with her blinker signal which clicked off when she straightened the car out on Fourth Street, but she immediately again signaled for a left-hand turn into her Fourth Street driveway.

While respondent Farnsworth was attempting to pass, the two cars collided as Mrs. Fox turned into her driveway. Because the distance from the closest edge of the Fox driveway to the north side of Thornton Lane was eighty-six feet, the distance traveled by Mrs. Fox on Fourth Street during which a left-turn signal could have been exhibited was less than one hundred feet.

The testimony of Mrs. Fox was that her speed on Fourth Street never exceeded ten miles per hour and was reduced to five or six miles per hour when she turned her car into the driveway. The respondent Farnsworth testified that he was following the Fox car at a distance of two or three car lengths and at about the same speed. Respondent Farnsworth testified that he did not see the left-turn signal on the Fox car at any time while it was traveling on Fourth Street. There was evidence that the left-turn signal on the Fox car was displayed for the full distance between Thornton Lane and the Fox driveway. There was testimony that this interval of time when the signal was on was five to seven seconds.

That there was ample evidence of respondent Farnsworth's negligence is conceded.

The statute is:

" . . .

"(b) A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning

or during a period of time not less than that time required to traverse a distance in feet equal to five times the maximum speed in miles per hour allowed by law during the approach to the point of turning or stopping.

" . . ." RCW 46.60.120 (4) (b). (Laws of 1953, chapter 248, § 1, p. 616.)

The reason assigned by the trial court for dismissing the case was that the left-turn signal had not been given by Mrs. Fox for the last one hundred feet before she turned into her driveway. The court held that the statute required the signal to be displayed for both an interval of time and distance.[2] The court held that the failure to do so was contributory negligence as a matter of law which precluded appellants' recovery.

Appellants, on the other hand, contend that the statute is satisfied if the signal is displayed during the last one hundred feet traveled or for the time period which they claim the statutory formula prescribes.

We are in accord with the trial court's interpretation of the statute, but that is not, as the trial court assumed, decisive of the case. The violation of the statute is negligence *per se.* But before the plaintiff's case may be dismissed, it must conclusively appear that such contributory negligence is a proximate cause of the accident and that no other inference is permissible.

It is only when but one inference may be drawn from the proofs that the court may say as a matter of law that the violation of a safety statute is the proximate cause of the harm for which recovery is sought. By a long line of decisions only recently reaffirmed (*Filer v. Great Western Lbr. Co.,* 55 Wn. (2d) 272, 347 P. (2d) 898), the law is settled that, while the violation of a statute is negligence as a matter of law, such negligence on the part of a plain-

---

[2]"The construction this court has given the statute gives meaning to the statute as a whole and results in a requirement that a turning signal be given for a *time* and a *distance.* This is certainly a reasonable requirement. To say that the legislature intended to provide for a less effective signal at the option of the driver appears to this court to be giving the statute an altogether unreasonable construction." S. F., p. 225-226.

tiff will not bar his recovery unless such negligence proximately contributed to the injury.

Respondent driver testified that he never saw appellant driver's left-turn signal while the car was on Fourth Street. Whether, therefore, the failure to display that signal for at least one hundred feet before making the turn contributed to the occurrence of the accident was for the determination of the jury and not the court. The jury might conclude that if the signal had been displayed for a distance of fourteen or twenty-five feet more the accident would not have occurred, or it might find that the respondent would not have seen it had it been so displayed. The controlling factor is that more than one inference is possible.

Recently the United States Court of Appeals in *United States Fire Ins. Co. v. Milner Hotels* (C.C.A. 8th), 253 F. (2d) 542, aptly delineated the distinction between proximate cause being an issue of law or fact as follows:

"Negligence and proximate cause will become transformed from questions of fact into questions of law rather on probative deficiency than on probative abundance. Thus, no matter how strong the evidence of a party, who has the burden of establishing negligence and proximate cause as facts, may comparatively seem to be, he is not entitled to have those facts declared to have reality as a matter of law, unless there is utterly no rational basis in the situation, testimonially, circumstantially, or inferentially, for a jury to believe otherwise. . . ."

In *Uribe v. McCorkle*, 63 Cal. App. (2d) 61, 146 P. (2d) 22, the plaintiff violated the statute respecting a signal for a left turn, but the dismissal of the action on defendant's motion for nonsuit was reversed. The court stated its reasons as follows:

"The conclusion that plaintiff was negligent, and that the jury may have concluded that defendant was negligent, does not dispose of the case. A plaintiff may be negligent but if that negligence did not contribute to his injury his recovery is not barred. In recent years it has been held that the question as to whether the admitted negligence of a plaintiff contributed to his injury is generally a question of fact for the trier of fact and not one of law for the court to be disposed of on a motion for nonsuit. (*Hart v. Farris,*

218 Cal. 69 [21 P. 432]; *Bradford v. Sargent*, 135 Cal. App. 324 [27 P. 2d 93]; *Blodget v. Preston*, 118 Cal. App. 297 [5 P. 2d 25]; *Hupp v. Griffith Co.*, 127 Cal. App. 63 [15 P. 2d 211].) . . . The question of proximate cause is generally one of fact and not of law. (*Thompson v. Steveson*, 52 Cal. App. 2d 250 [126 P. 2d 127]; *Matsuda v. Luond*, 52 Cal. App. 2d 453 [126 P. 2d 359].)"

■ Assuming that the failure to give the signal for the distance prescribed by the statute was negligence as a matter of law, still, whether or not such contributory negligence proximately contributed to the accident is for the determination of the jury. The court, therefore, erred in granting the motion for a nonsuit.

The judgment is reversed and a new trial granted.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.

March 14, 1961. Petition for rehearing denied.