**Clifford RICE, Appellant,**

v.

**MERRITT-CHAPMAN & SCOTT, INC., Appellee.**

**No. 18444.**

United States Court of Appeals
Ninth Circuit.

Dec. 10, 1963.

Leavy & Taber, and Duane E. Taber, Pasco, Wash., for appellant.

Gavin, Robinson, Kendrick & Redman, and John Galvin, Yakima, Wash., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.

DUNIWAY, Circuit Judge:

In this diversity case, plaintiff appeals from a judgment notwithstanding the verdict. The case is governed by the law of Washington and was originally brought in the Washington State Court under Revised Code of Washington, section 51.24.010, which provides in part as follows:

> "If the injury to a workman is due to negligence or wrong of an-

other not in the same employ, the injured workman or, if death results from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this title or seek a remedy against such other, * * *."

The pertinent facts may be briefly stated. Appellee was the general contractor on a construction job. Appellant was an iron worker and rigger employed as a foreman by a subcontractor on the job. On the day of the accident, appellee was pouring concrete for a dam and appellant, in his capacity as an employee of the subcontractor, was assisting. The concrete was brought by truck to the top of the dam, and was carried in large buckets which were owned and maintained by appellee. When a truck arrived at the top of the dam, appellant would climb upon it and hook the bucket to a crane operated by appellee. The bucket was then swung over to a hopper into which the concrete was to be discharged, and appellant would hook the bottom of the bucket to the hopper. This required that he go from the truck to the hopper, and he sometimes did this by riding the side of the bucket for a distance of about twenty feet. The bucket on which he was riding had handirons along the side, welded to the bucket and forming a ladder. They were intended for use in inspecting and cleaning the inside of the bucket, and in spreading grout. Appellant stood with his feet on the channel iron of the bucket and his hands grasping one of these handirons. While he was thus riding a bucket the handiron that he was holding separated from the bucket, causing him to fall and sustain serious injuries. The evidence indicated that the particular handiron, which was about one inch in diameter, had a poor weld at one end where it was fastened to the bucket and an old break about ¾ of the way through at the other end near where it was fastened to the bucket. These defects, however, were not visible because concrete and dirt had been slopped over the handiron at the time that appellant took hold of it.

A regulation of the Department of Labor and Industries of the State of Washington contains the following provision:

"No employee shall ride, nor be permitted to ride upon the load, sling, hook, bail or block of any derrick or crane, or the bucket of any hoist or any material elevator, unless such equipment meets the requirements of this code."

However, there are no regulations which establish requirements, the meeting of which would permit an employee to ride or to be permitted to ride upon a bucket.

In granting the judgment notwithstanding the verdict, the trial court concluded that there was no showing of negligence on the part of the appellee and that the rule that an employer has an affirmative duty to provide a safe place for his employees to work (see Greenleaf v. Puget Sound Bridge etc., Co., 1961, 58 Wash.2d 647, 364 P.2d 796) does not here apply because it would have been illegal for the employer to provide a bucket on which the employee would be required to work. As the trial court put it, the employer was not under a duty to provide a safe place on which the employee was not to work.

■ We need not decide whether the trial court was correct in this respect because we think that, in any event, it was negligence as a matter of law for appellant to ride on the bucket in violation of the quoted regulation.

Appellant argues that because the safety regulations do not establish requirements for buckets, the regulation that prohibits riding them is too vague to be a basis for a finding of negligence on his part, and is a nullity insofar as it relates to buckets. His principal reliance is on Bradshaw v. City of Seattle, 1953, 43 Wash.2d 766, 264 P.2d 265, 42 A.L.R.2d 800. There, the statute imposed on the city a duty to regulate traffic and to install such traffic devices as might be necessary to insure safety, and the plaintiff claimed that the city's failure to install a light, at a corner at

which he was injured, constituted negligence per se. The Washington Supreme Court held that the statute was too indefinite to enable the city officials to know when they might be violating it. There, however, the statute was an affirmative command, and its vagueness prevented the city from knowing how to comply with it.

■ The regulation here is in a negative form. It makes it clear that an employee may not ride a bucket *unless* it meets code requirements. Because the code establishes no requirements, the exception embodied in the unless clause does not operate, and the only fair reading of the regulation is that it is a flat prohibition of riding on buckets at all. Since Washington laws (Revised Code of Washington, § 49.16.040) expressly require that an employee comply with all regulations promulgated by the Department of Labor and Industries pertaining to his job, there can be no doubt that appellant was in violation of the regulation, whether he knew of its existence or not.

■ We do not say that if appellee required appellant to ride on the bucket, either directly or because that was the only way he could do the job, the regulation would immunize appellee from liability because of appellant's contributory negligence. Appellant relies on a case in which the Washington Supreme Court has held that the doctrine of assumption of risk does not apply so as to deny recovery to an employee in an action against his employer. Siragusa v. Swedish Hospital, 1962, 60 Wash.2d 310, 373 P.2d 767. That case might apply here, if appellant had been required to ride the bucket, although the case deals with assumption of risk, not with contributory negligence. In that case the Supreme Court also said: "However, if the employee's voluntary exposure to the risk is unreasonable under the circumstances, he will be barred from recovery because of his contributory negligence." (60 Wash.2d at 319, 373 P.2d at 773) There is nothing in the record here to indicate that appellant was required to ride the

bucket. It was not necessary for appellant to ride it in order to do his job, and his doing so was his own choice. Being in direct violation of the regulation, it was also, as a matter of law, contributory negligence.

Affirmed.