[No. 5512–44388–1. Division One. May 8, 1978.]

MARJORIE I. CALLAN, *Individually and as Administratrix, Appellant*, v. MARK O'NEIL, ET AL, *Respondents.*

*Edwards, Wetherall & Barbieri, Charles K. Wiggins, Malcolm L. Edwards,* and *Joseph A. Barreca,* for appellant.

34

*Merrick, Hofstedt & Lindsey, Thomas V. Harris,* and *Jeff Spence* of *Legal Services Center* (Seattle), for respondents.

WILLIAMS, J.—This is an action brought by Marjorie I. Callan, individually and as administratrix of the estate of Robert Leo Callan, against Mark O'Neil and wife, d/b/a Marty's Tavern, and Allen Lillehaug and wife, to recover damages for the death of Robert Leo Callan. The cause was dismissed by summary judgment, and this appeal by Mrs. Callan followed. We reverse.

The essential facts are that on June 18, 1974, in Seattle, Robert, the 16–year–old son of Mrs. Callan, visited Marty's Tavern in the company of two other youths, both 18 years of age, where they were served beer. When finished with the beer, one of the boys, Edward L. Lynch, Jr., drove away from the tavern in his parents' car with the other two as passengers. An accident occurred, and Robert was killed.

In return for a $47,000 settlement, Mrs. Callan executed a "Release of All Claims" against Edward Lynch, his parents, and their insurance company.[1] Mrs. Callan then commenced this action against the tavern operator and his employee on the theory that they were negligent as a matter of law because of the statutes, ordinances, and regulations prohibiting the serving of intoxicants to persons under the age of 21.

Two issues are presented: The first is whether the release discharges the tavern people from liability for the harm, and the other is whether serving beer to minors in violation of the law constitutes negligence per se.

■ The effect of the release of one tort–feasor depends upon the classification of the tort–feasors: *i.e.,* whether they are "joint," "concurrent," or "successive." *Litts v. Pierce*

---

[1]The text of the release is appended to this opinion.

*County*, 5 Wn. App. 531, 488 P.2d 785 (1971). The severe rule that release of one tort–feasor releases all, regardless of an express reservation in the release that it shall not apply to other tort–feasors, has been limited to those who act in concert in producing the damage (joint tort–feasors). *White Pass Co. v. St. John*, 71 Wn.2d 156, 427 P.2d 398 (1967); *DeNike v. Mowery*, 69 Wn.2d 357, 418 P.2d 1010 (1966). Lynch and the tavern people did not act in concert and their relationship is not that of original tort–feasor and successive or subsequent tort–feasor. *See DeNike v. Mowery, supra*. Rather, it is alleged that their independent acts united in causing a single injury, so Lynch and the tavern people are, if anything, *concurrent* tort–feasors.

■ The rule is that a release of one concurrent tort–feasor does not release other concurrent tort–feasors unless it can be established as a fact

> either (1) that the injured party intended to release all tort–feasors or (2) that the release constituted satisfaction of the obligation.

*Hawaiian Ins. & Guar. Co. v. Mead*, 14 Wn. App. 43, 57, 538 P.2d 865 (1975).[2] Because reasonable minds could differ as to whether Mrs. Callan intended to release all tort–feasors, and whether the $47,000 constituted full satisfaction for the injury, the question of the release is one of fact to be decided in the trial court.

It is argued that *Christianson v. Fayette R. Plumb, Inc.*, 7 Wn. App. 309, 499 P.2d 72 (1972), applies. That case is not in point because it involved a covenant not to sue and was decided by adoption of subsection (2) of the Restatement of Torts § 885 (1939), which is: "A covenant not to sue one tortfeasor for a harm does not discharge any other liable for the harm."

---

[2]It may be noted that this treatment is contrary to subsection (1) of the Restatement of Torts § 885 (1939), which requires that in order for plaintiff to reserve the right to sue other tort–feasors, the limiting effect of the release must be affirmatively stated therein.

The second question concerns the proof of the tavern people's negligence because of their alleged violation of the following statutes:

Every person who:

. . .

(4) Shall sell or give, or permit to be sold or given to any person under the age of twenty–one years any intoxicating liquor, . . .

. . .

Shall be guilty of a gross misdemeanor.

RCW 26.28.080, in part.

Except in the case of liquor given or permitted to be given to a person under the age of twenty–one years by his parent or guardian for beverage or medicinal purposes, or administered to him by his physician or dentist for medicinal purposes, no person shall give, or otherwise supply liquor to any person under the age of twenty–one years, or permit any person under that age to consume liquor on his premises or on any premises under his control.

RCW 66.44.270, in part.

(1) It shall be a misdemeanor,
(a) To serve or allow to remain on the premises of any tavern any person under the age of twenty–one years;

RCW 66.44.310, in part.

Every person who shall sell any intoxicating liquor to any minor shall be guilty of a violation of Title 66 RCW.

RCW 66.44.320. In addition, several ordinances and a regulation prohibit the sale or furnishing of liquor to minors. King County Code § 12.80.020 (1953); Seattle City Code §§ 12.40.120, .140, .150 and .160 (1967); WAC 314–16–150.

■■ In order to prove actionable negligence, Mrs. Callan must establish (1) the existence of a duty; (2) a breach thereof; and (3) that the breach was a proximate cause of the harm. There is conflicting evidence, requiring a trial, as to the proximate cause of the accident and whether the boys were furnished intoxicating liquor; the question presented, therefore, is the existence of a duty. As a general proposition, everyone has a duty to exercise ordinary care. .

However, if legislatures proscribe certain conduct by statute, that establishes the duty, *i.e.*, the standard of care, and a violation of the statute may be negligence per se. *Bayne v. Todd Shipyards Corp.*, 88 Wn.2d 917, 568 P.2d 771 (1977); *Bissell v. Seattle Vancouver Motor Freight, Ltd.*, 25 Wn.2d 68, 168 P.2d 390 (1946). *See generally* W. Prosser, *The Law of Torts* § 36 (4th ed. 1971).

In *Hulse v. Driver*, 11 Wn. App. 509, 524 P.2d 255 (1974), Division Three of this court, relying upon *Halvorson v. Birchfield Boiler, Inc.*, 76 Wn.2d 759, 458 P.2d 897 (1969), decided that the furnishing of an intoxicant to an able-bodied minor at a social event, although a criminal violation, did not automatically create a cause of action against the furnisher for a tort committed by the minor. *Hulse* is restricted to a purely social setting, and, although persuasive, is not directly in point.

In *Halvorson v. Birchfield Boiler, Inc., supra,* the Supreme Court decided that an employer who furnishes liquor at an office party to an able-bodied employee who subsequently, in an inebriated condition, injured a third party, is not liable to that third party. The opinion distinguishes between the commercial sale and the social furnishing of intoxicants and recognizes a duty not to furnish liquor to a person who, through drinking, is in such a state of helplessness as to be deprived of his willpower or responsibility for his behavior. *Accord, Coulter v. Superior Court,* 21 Cal. 3d 144, 577 P.2d 669, 145 Cal. Rptr. 534 (1978). In a quotation from *Rappaport v. Nichols*, 31 N.J. 188, 205–06, 156 A.2d 1, 75 A.L.R.2d 821 (1959), cited with approval, the following appears:

> It must be borne in mind that the plaintiff's complaint has no relation to service by persons not engaged in the liquor business or to lawful sales and service by liquor licensees, or to sales by reasonably prudent licensees who do not know or have reason to believe that the patron is a minor or is intoxicated when served; the allegations of the complaint are expressly confined to tavern keepers' sales and service which are unlawful and negligent. Liquor licensees, who operate their businesses by way of

privilege rather than as of right, have long been under strict obligation not to serve *minors and intoxicated persons* and if, as is likely, the result we have reached in the conscientious exercise of our traditional judicial function substantially increases their diligence in honoring that obligation then the public interest will indeed be very well served.

(Italics ours.)

*Halvorson* recognizes that there may be liability on a theory of negligence where a tavern keeper sells liquor to an intoxicated person *or a minor.* In the first instance, the duty not to serve the intoxicated person is established by the standard of ordinary care; in the second instance, the duty not to serve the minor is established by a standard set by statutes, ordinances, or regulations. *Kness v. Truck Trailer Equip. Co.,* 81 Wn.2d 251, 501 P.2d 285 (1972).

Until recently, the state legislature has been so concerned with the sale of liquor to minors that it designated that act a felony. RCW 66.44.320. The offense was changed to a gross misdemeanor in the Laws of 1973, 1st Ex. Sess., ch. 209, § 19, p. 1621. RCW 66.44.180. Although the age of majority was reduced for most purposes to 18 in 1971, RCW 26.28.010, the prohibition against supplying liquor to persons under 21 has remained. RCW 26.28.080. There is no question but that those persons, those under 21, have been established as a protected class under the Washington state liquor act, RCW Title 66, which is an exercise of police power

for the protection of the welfare, health, peace, morals, and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose.

RCW 66.08.010, in part.

The principle of *Kness v. Truck Trailer Equip. Co., supra,* controls. In *Kness,* a boy of 17 years worked a double shift in violation of a state agency's regulations limiting employment of minors to one 8–hour shift per day. While driving home after completing 16 hours of continuous work, the boy ran into a concrete pillar and was injured. The

defendant employer contended that the 8–hour work limitation was not intended to and did not establish a standard applicable to civil actions. In deciding that the boy's employer was negligent as a matter of law, the Supreme Court quoted the Restatement (Second) of Torts § 286 (1965) with approval:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
> (a) to protect a class of persons which includes the one whose interest is invaded, and
> (b) to protect the particular interest which is invaded, and
> (c) to protect that interest against the kind of harm which has resulted, and
> (d) to protect that interest against the particular hazard from which the harm results.

The court said:

> These regulations [limiting the employment of a minor to not more than 8 hours of work in one day] were instituted in part to prevent overwork and consequent extraordinary fatigue among the young who regularly work for a living. The regulation contemplates, as do many others affecting minors specifically, that the minor possesses insufficient judgment to protect himself from overwork and excessive fatigue and that the state has found it necessary to intervene so as to save the minor from the deleterious consequences of his own faulty judgment.

*Kness v. Truck Trailer Equip. Co., supra* at 256.

■ The legislative bodies, state, county and city, believing that persons under 21 years of age are neither physically nor mentally equipped to handle the consumption of intoxicating liquor, at least without parental supervision, have imposed a duty upon tavern keepers to refrain from selling such persons alcoholic beverage. The breach of that duty is negligence per se.

*Shelby v. Keck,* 85 Wn.2d 911, 541 P.2d 365 (1975), in which the Supreme Court held that there can be no liability

for furnishing alcohol to an adult unless there is reason to know that he is so intoxicated that he has been effectively deprived of his willpower or responsibility for his actions, does not apply. In this case, there are affirmative legislative enactments to protect against the mischief which may likely occur when persons under the age of 21 drink.

Of course, a tavern keeper who takes reasonable precautions to determine whether his customers are over 21 should not fear the imposition of liability for negligence per se. We realize, for example, that documents of identification can be expertly forged or altered, and it would unreasonably interrupt business to require tavern keepers to positively establish the authenticity of such documents, at the risk of incurring civil liability. RCW 66.20.210. Our Supreme Court has often held that:

> While it is true that violation of a statute is, generally speaking, negligence *per se,* it is also true that such violation is not negligence when due to some cause beyond the violator's control, and which reasonable prudence could not have guarded against.

*Brotherton v. Day & Night Fuel Co.,* 192 Wash. 362, 369–70, 73 P.2d 788 (1937). *See Wood v. Chicago, M., St. P. & Pac. R.R.,* 45 Wn.2d 601, 277 P.2d 345 (1954); *Baldwin v. Washington Motor Coach Co.,* 196 Wash. 117, 82 P.2d 131 (1938); *Burlie v. Stephens,* 113 Wash. 182, 193 P. 684 (1920). Whether a tavern keeper took reasonable precaution to determine the age of his customer would be a question of fact, to be decided upon the peculiar facts of each case.

Reversed and remanded for trial.

SWANSON and ANDERSEN, JJ., concur.

## APPENDIX

### RELEASE OF ALL CLAIMS

For the sole consideration of Forty Seven Thousand Dollars ($47,000.00), the receipt and sufficiency whereof is hereby acknowledged, the undersigned, MARJORIE I. CALLAN, sole surviving parent and mother

of ROBERT CALLAN, deceased, does hereby release and forever discharge EDWARD R. LYNCH, JR., his parents MR. and MRS. EDWARD LYNCH, and PEMCO Insurance Co. from any and all claims arising out of a single car accident which occurred on June 18, 1974, on Morgan Street, in the 2900 block, in Seattle, King County, Washington, which resulted in the death of ROBERT CALLAN, the undersigned's son. The undersigned does hereby warrant that at the time of his death ROBERT CALLAN was sixteen years of age, left surviving him the undersigned as sole surviving parent and siblings, and does hereby agree to hold harmless EDWARD R. LYNCH, JR., his parents, MR. and MRS. EDWARD R. LYNCH, and PEMCO Insurance Company from any and all claims, including direct action claim, which the estate of Robert Callan may have, as further consideration of this settlement.

The undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, arising out of the accidental death of ROBERT CALLAN, and for the express purpose of precluding forever any further or additional claims including direct action claim of the Estate, arising out of the aforesaid accident.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this\_\_\_\_ day of July, 1974.

In presence of:

_____

_____

MARJORIE I. CALLAN, Individually and as sole surviving parent of ROBERT CALLAN, Deceased.