[No. 49216-6. En Banc. May 26, 1983.]

JANE A. YOUNG, *as Administratrix and Personal Representative, Appellant,* v. CARAVAN CORPORATION, *Respondent.*

656

*Mathew D. Griffin* and *M. E. Keegan*, for appellant.

*Anderson, Hunter, Dewell, Baker & Collins, P.S., Deane W. Minor*, and *James P. Hunter*, for respondent.

DOLLIVER, J.—On March 4, 1978, 19-year-old Richard C.

Young was killed in a 1–car automobile accident. For several hours prior to his death, Young had been drinking at the Caravan Restaurant and Lounge (Caravan) south of Everett. A Washington State Toxicology Laboratory report indicated that, at the time of his death, Young's blood alcohol content was .21 percent.

Decedent's mother, as personal representative of his estate, brought a wrongful death action against Caravan. Mrs. Young alleged the restaurant was negligent in serving alcoholic beverages to a minor who was obviously intoxicated and that employees of Caravan knew her son was a minor. She further alleged the cocktail waitresses knew the decedent was driving a vehicle that evening and had already been in an accident earlier in the evening. Mrs. Young claimed the waitresses knew, or should have known, the decedent would attempt to drive himself home in spite of his intoxication.

The trial court granted defendant's motion for summary judgment by holding, as a matter of law, plaintiff could not state a cause of action against the restaurant. CR 12(b), (c). We accepted certification from the Court of Appeals to resolve the following question:

> Does the illegal furnishing of liquor to a minor by a commercial vendor give rise to a cause of action on behalf of the minor against the vendor for personal injuries suffered as a result of intoxication?

■ On review of the dismissal by summary judgment in this case (see CR 12(b), (c)), we must accept as verities each of plaintiff's allegations, claims, and offers of proof. *Halvorson v. Birchfield Boiler, Inc.*, 76 Wn.2d 759, 760–61, 458 P.2d 897 (1969). Based on the allegations, claims, and offers of proof presented by Mrs. Young in opposition to the motion for summary judgment, we conclude the Superior Court incorrectly dismissed her case against Caravan. We reverse the decision of the trial court and remand the case for trial on the merits.

Mrs. Young presents two theories upon which she claims relief may be granted: (1) Caravan was negligent under the

common law for serving alcoholic beverages to a highly intoxicated minor; (2) Caravan was negligent per se when it violated statutes which prohibit sales of alcoholic beverages to minors and intoxicated persons. Caravan counters that (1) no cause of action exists at common law against one furnishing intoxicating beverages to an able–bodied person; (2) the Washington State Liquor Act (RCW Title 66) was not intended to create a cause of action in favor of those who voluntarily consume alcohol; consequently, violation of the act does not constitute negligence per se; (3) the decedent was contributorially negligent as a matter of law and therefore should be denied recovery.

■ In *Halvorson v. Birchfield Boiler, Inc., supra,* the Washington Supreme Court first set forth the common law duty of one furnishing intoxicating liquors. Most recently in *Wilson v. Steinbach,* 98 Wn.2d 434, 438, 656 P.2d 1030 (1982), we restated the rule:

> In *Halvorson,* we recognized and adopted the general common law rule of nonliability for furnishing intoxicants to an able–bodied person, while simultaneously recognizing the exceptions to the rule for obviously intoxicated persons, persons in a state of helplessness, or persons in a special relationship to the furnisher of intoxicants.

Thus, while the court has adopted the general common law rule of nonliability for furnishing intoxicants to an able-bodied person, we have recognized exceptions to the general rule of nonliability for obviously intoxicated persons, persons in a state of helplessness, or persons in a special relationship to the furnisher of intoxicants.

In the present case plaintiff claims her son was so obviously intoxicated that the employees of Caravan were negligent in continuing to serve him alcoholic beverages. As proof of her son's condition, plaintiff presented the affidavit of Cindy Owens, a cocktail waitress and apparently the decedent's girlfriend. Ms. Owens stated decedent's speech and his ability to write were substantially affected by alcohol and that he was "beyond the point of self–control over

his consumption of liquor, and was greatly affected by it." Clerk's Papers, at 32.

This affidavit places in dispute the question whether Caravan's employees continued to serve alcoholic beverages to the decedent even after he was obviously intoxicated. In an action such as the one before us, the sobriety of a person must be judged by those who observe the person's behavior. *Wilson,* 98 Wn.2d at 439; *Shelby v. Keck,* 85 Wn.2d 911, 915, 541 P.2d 365 (1975). The testimony of Cindy Owens would be admissible in evidence should the case go to trial. *See Barrie v. Hosts of Am., Inc.,* 94 Wn.2d 640, 643, 618 P.2d 96 (1980). The statements in her affidavit regarding the decedent's sobriety are sufficient to present a factual issue as to whether the decedent was in an obviously intoxicated state. The summary judgment should not have been granted.

In addition to her claim of common law negligence, Mrs. Young asserts Caravan was negligent per se because it violated statutory and administrative prohibitions against selling alcohol to minors and intoxicated persons. RCW 26.28.080, 66.44.270, 66.44.310, and 66.44.320 prohibit the sale of alcoholic beverages to minors and WAC 314-16-150 prohibits the sale of alcoholic beverages to minors and intoxicated persons. Plaintiff argues her son was within the class of persons these legislative and administrative provisions were designed to protect.

The standard of conduct required of a reasonable person may be prescribed by legislative enactment. *See generally* W. Prosser, *Torts* § 36 (4th ed. 1971). This tort liability may be predicated on statutes which prohibit certain conduct. The Washington courts have adopted the Restatement (Second) of Torts § 286 (1965) test for determining whether violation of a statute constitutes negligence per se:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
> (a) to protect a class of persons which includes the one

whose interest is invaded, and

    (b) to protect the particular interest which is invaded, and

    (c) to protect that interest against the kind of harm which has resulted, and

    (d) to protect that interest against the particular hazard from which the harm results.

*Bayne v. Todd Shipyards Corp.*, 88 Wn.2d 917, 919, 568 P.2d 771 (1977); *Kness v. Truck Trailer Equip. Co.*, 81 Wn.2d 251, 257, 501 P.2d 285 (1972); *Callan v. O'Neil*, 20 Wn. App. 32, 39, 578 P.2d 890 (1978).

    ■ We have not yet considered the question as to whether violation of statutes which prohibit the sale of alcoholic beverages to minors constitutes negligence per se. *Cf. Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982) (issue of negligence per se improperly raised for first time on appeal). In *Callan v. O'Neil, supra,* and *Baughn v. Malone,* 33 Wn. App. 592, 656 P.2d 1118 (1983), however, the Court of Appeals held the violation by a tavern keeper of statutes prohibiting sale of alcohol to minors constituted negligence per se. *Callan,* 20 Wn. App. at 39. In *Callan* the court reasoned that since the Legislature believed persons under 21 years of age are neither physically nor mentally equipped to handle the consumption of intoxicating liquor it established those persons as a protected class under the Washington State Liquor Act, RCW Title 66. *Callan,* 20 Wn. App. at 38–39. The *Callan* court determined the Washington State Liquor Act imposed a duty upon tavern keepers to refrain from selling alcoholic beverages to persons under 21 years of age. *Callan,* 20 Wn. App. at 39. Consequently, the breach by tavern keepers of the legislatively imposed duty to refrain from selling alcoholic beverages to minors constitutes negligence per se. *See Callan v. O'Neil, supra. Accord, Baughn v. Malone, supra.* We agree the violation of statutes prohibiting the sale of alcohol to minors constitutes negligence per se.

    We point out, however, as did the court in *Callan,* that if a tavern keeper takes reasonable precautions to determine

whether customers are over 21 years of age liability for negligence per se will not be imposed as a matter of law. *See Callan,* 20 Wn. App. at 40. As we observed in *Brotherton v. Day & Night Fuel Co.,* 192 Wash. 362, 369–70, 73 P.2d 788 (1937):

> While it is true that violation of a statute is, generally speaking, negligence *per se,* it is also true that such violation is not negligence when due to some cause beyond the violator's control, and which reasonable prudence could not have guarded against.

Whether defendant took reasonable precautions so as to prevent the imposition of negligence per se is a question of fact which would be determined in further proceedings in this case.

Caravan argues that, as a matter of law, the decedent was contributorially negligent. We agree. While contributory negligence does not necessarily bar recovery by a tort victim, *see* Laws of 1973, 1st Ex. Sess., ch. 138, § 1, p. 949 (formerly RCW 4.22.010); *see also* Laws of 1981, ch. 27, § 8, p. 117 (RCW 4.22.005); *Godfrey v. State,* 84 Wn.2d 959, 965, 530 P.2d 630 (1975), it may affect the damages recovered. Contributory negligence diminishes recovery in proportion to the percentage of negligence attributed to the party recovering. *Godfrey v. State, supra.*

Ordinarily, the existence of contributory negligence is a factual question to be resolved by the jury. *Baughn v. Malone,* 33 Wn. App. at 598. Consequently, a finding of contributory negligence as a matter of law should be made only in the clearest of cases and when reasonable minds could not have differed in their interpretation of a factual pattern. *See Bordynoski v. Bergner,* 97 Wn.2d 335, 340, 644 P.2d 1173 (1982); *Browning v. Ward,* 70 Wn.2d 45, 48–49, 422 P.2d 12 (1966). Where a tort victim violates a statute designed for the protection of the victim, however, we have not hesitated to find contributory negligence as a matter of law. *See, e.g., Fox v. Farnsworth,* 57 Wn.2d 283, 356 P.2d 723, 360 P.2d 338 (1960); *Everest v. Riecken,* 30 Wn.2d 683, 193 P.2d 353 (1948); *Price v. Gabel,* 162 Wash. 275, 298 P.

444 (1931). *Accord, Rice v. Merritt–Chapman & Scott, Inc.,* 326 F.2d 122 (9th Cir. 1963). *Cf. Wood v. Chicago, M., St. P. & Pac. R.R.,* 45 Wn.2d 601, 277 P.2d 345 (1954).

Here the decedent violated the Washington State Liquor Act by purchasing alcoholic beverages from Caravan. *See* RCW 66.44.270 (unlawful for person under 21 years of age to acquire, possess, or consume liquor); RCW 66.44.290 (unlawful for person under 21 years of age to purchase or attempt to purchase liquor). Clearly, these statutes were designed to protect minors from their inability to handle the consumption of alcoholic beverages. As a matter of law, decedent's violation of RCW 66.44.270 and .290 constitutes contributory negligence.

The further issue, whether the negligence or the contributory negligence of the parties to the accident was the proximate cause of the accident, is a question of fact. *Fox v. Farnsworth, supra.* Although we have also held that "when the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion that it [proximate cause] may be a question of law for the court", *Mathers v. Stephens,* 22 Wn.2d 364, 370, 156 P.2d 227 (1945), *quoted in Bordynoski v. Bergner,* 97 Wn.2d at 340, at this stage of the proceedings, after examining the record, we are not prepared to hold the negligence per se of decedent was the proximate cause of the accident. The question of proximate cause as well as the issue of damages is better left to the trier of fact.

The trial court is reversed and the matter is remanded for proceedings consistent with this opinion.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DORE, DIMMICK, and PEARSON, JJ., concur.