[No. 57658-1.   En Banc.   February 20, 1992.]

JUDITH HANSEN, *Individually and as Personal Representative, Petitioner,* v. ROBERT ANTHONY FRIEND, ET AL, *Respondents.*

*Bruce A. Wolf, Sim Osborn,* and *Kargianis, Austin & Osborn,* for petitioner.

*Harold B. Field, Ronald L. Unger,* and *Murray, Dunham & Murray,* for respondent Friend.

*William Robert Hickman, Pamela A. Okano, Marilee C. Erickson,* and *Reed McClure,* for respondent Petty.

JOHNSON, J. — Fifteen-year-old Keith Hansen drowned in an alcohol-related incident. The petitioner, Hansen's mother, seeks review of the Court of Appeals opinion affirming the trial court's summary judgment dismissal of her wrongful death suit. In her suit, she alleges the respondents, two adult social hosts, negligently furnished liquor to her minor son, causing his intoxication and death. The Court of Appeals held that social hosts could not be held liable as a matter of law. We reverse the Court of Appeals and remand the case to the trial court.

On April 24, 1987, 15-year-old Keith Hansen and 21-year-old Robert Friend drank liquor at Friend's house in Kent, Washington. Hansen supplied the liquor from his parents' house. The two drank through the night and into the morning.

When 21-year-old Robert Petty arrived at Friend's house that morning, both Hansen and Friend were visibly intoxicated. Petty and Friend had planned to leave that day for Lake Jameson in Eastern Washington for an overnight fishing trip. When Petty arrived, he had with him two or three half-cases of beer. Friend asked Petty if Hansen could go on the fishing trip with them, and Petty agreed.

On the way to Lake Jameson, the three stopped at a store where Petty bought another 6-pack of beer. The three arrived at Lake Jameson around 6:30 p.m., set up camp and had dinner. Petty stated in his deposition that he and Friend had some beer at this time, but that Hansen did not. Friend's deposition indicates, however, that Hansen may also have consumed alcohol at this time. Clerk's Papers, at

64-65. Petty went to sleep around 9 p.m., after having two or three beers. By this time, Friend had consumed from two to four beers. Hansen's access to the beer does not appear to have been restricted in any way at the campsite.

Around 11 p.m., Hansen and Friend entered an adjacent campsite. Both were visibly and severely intoxicated. They stumbled back toward their own campsite around 11:30 p.m. Alan Petty, Robert's brother, arrived at the lake about this time. Shortly after Alan Petty's arrival at the campsite, Hansen left once again, stating he was going to another campsite to steal a beer.

Sometime afterward, the campers at the adjacent campsite heard a loud splash. They then heard something or someone splashing in the water, going up and down gasping for air. They ran to Hansen's campsite to get help. Alan Petty and one of the other campers got in a boat and searched the lake, but they found nothing. Hansen's body floated to the surface of Lake Jameson about 2 weeks later.

■ The petitioner contends Friend and Robert Petty negligently furnished liquor to her minor son. In order to prove actionable negligence, a plaintiff must establish: (1) the existence of a duty owed to the complaining party; (2) a breach of that duty; (3) a resulting injury; and (4) that the claimed breach was the proximate cause of the injury. *Pedroza v. Bryant*, 101 Wn.2d 226, 228, 677 P.2d 166 (1984). At issue here is whether Friend and Petty owed a duty of care to Hansen.

■■ Whether a defendant owes a duty of care to the complaining party is a question of law. *Pedroza*, at 228. The standard of conduct required of a reasonable person may be prescribed by legislative enactment. *Young v. Caravan Corp.*, 99 Wn.2d 655, 659, 663 P.2d 834, 672 P.2d 1267 (1983) (citing W. Prosser, *Torts* § 36 (4th ed. 1971)). The petitioner argues RCW 66.44.270(1) provides the relevant duty of care in this case. This statute provides, in part, that:

> It is unlawful for any person to sell, give, or otherwise supply liquor to any person under the age of twenty-one years

or permit any person under that age to consume liquor on his or her premises or on any premises under his or her control.[1]

The Legislature has thus established that both commercial hosts and social hosts commit a criminal act if they furnish liquor to a minor. *See also* RCW 66.44.320 (also prohibiting the sale of liquor to any minor). This court has held that *commercial* hosts can be held liable in a civil cause of action for breaching their statutory duty not to *sell* liquor to minors. *See Young*, at 660. We are thus faced with the question of whether RCW 66.44.270(1), which makes it a criminal act for "any person"[2] to furnish liquor to a minor, also defines the standard of conduct required of a reasonable person in a *social host* position.

■ The Washington courts have adopted the 4-part test from the Restatement (Second) of Torts § 286 (1965) for determining when the court may adopt a legislative enactment as a reasonable person's standard of conduct. *Young*, at 659-60.

The Restatement indicates:

The court may adopt as the standard of conduct of a reasonable [person] the requirements of a legislative enactment . . . whose purpose is found to be exclusively or in part
    (a) to protect a class of persons which includes the one whose interest is invaded, and
    (b) to protect the particular interest which is invaded, and

---

[1]A previous version of this statute was in effect at the time of Hansen's death. *See* Laws of 1955, ch. 70, § 2. The previous version, like the present version, prohibited giving or otherwise supplying liquor to minors. As such, the two versions of the statute do not differ materially for the purpose of our analysis.

[2]RCW 66.44.270 provides for the following narrow exceptions where minors may be given liquor, none of which apply in this case:

"(3) This section does not apply to liquor given or permitted to be given to a person under the age of twenty-one years by a parent or guardian and consumed in the presence of the parent or guardian. . . .

"(4) This section does not apply to liquor given for medicinal purposes to a person under the age of twenty-one years by a parent, guardian, physician, or dentist.

"(5) This section does not apply to liquor given to a person under the age of twenty-one years when such liquor is being used in connection with religious services and the amount consumed is the minimal amount necessary for the religious service."

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

Restatement (Second) of Torts § 286 (1965).

■ The first question under this test is whether Hansen was a member of the class protected under the statute. RCW 66.44.270(1) prohibits persons from furnishing liquor to a minor. The statute defines "minor" as any person under the age of 21 years. RCW 66.44.270(1). A rational basis exists for setting the legal drinking age at 21 years. *Houser v. State*, 85 Wn.2d 803, 808, 540 P.2d 412 (1975), *overruled on other grounds in State v. Smith*, 93 Wn.2d 329, 336, 610 P.2d 869, *cert. denied*, 449 U.S. 873 (1980). Hansen was 15 years old when the incident occurred and therefore was a member of the protected class.

The second question under the Restatement is whether the statute protects the *particular interest* which was invaded. The purpose behind the Washington State Liquor Act is to protect "the welfare, health, peace, morals, and safety of the people of the state". RCW 66.08.010. RCW 66.44.270(1) protects a minor's health and safety interest from the minor's own inability to drink responsibly. The Legislature believed that persons under 21 years of age are neither physically nor mentally equipped to handle the consumption of intoxicating liquor. *Young*, at 660 (citing *Callan v. O'Neil*, 20 Wn. App. 32, 39, 578 P.2d 890 (1978)). Hansen's health and safety interest was invaded by the effects of alcohol. The statute was thus designed to protect the particular interest which was invaded.

The third question is whether the statute protects a minor's health and safety interest against the *kind of harm* which resulted. RCW 66.44.270(1)'s prohibition against giving alcohol to minors protects a minor's interest against physical harm which could result from his or her abuse of alcohol. Hansen suffered physical harm in this case, allegedly as a result of his intoxication. The statute therefore protects against the kind of harm suffered here.

The final question is whether the purpose of the statute is to protect a minor's health and safety interest from the *particular hazard* from which the harm resulted. The particular hazard the statute regulates is alcohol in the hands of minors. The statute was therefore designed to protect Hansen from the particular hazard at issue.

The statute thus meets the Restatement's 4-part test for adoption as a reasonable person's standard of conduct. The respondents argue, however, that *Burkhart v. Harrod*, 110 Wn.2d 381, 755 P.2d 759 (1988) should still bar a cause of action in this case. In *Burkhart*, this court held that social hosts who served liquor to an *adult* guest could not be sued for injuries resulting from the guest's intoxication.

This court reasoned in *Burkhart* that the only indication of legislative intent in the area of social host liability was the disinclination to impose such liability due to the fact that the Legislature repealed the dramshop act in 1955.[3] *Burkhart*, at 387-88. In this case, however, the Legislature has acted to prohibit both social hosts and commercial hosts from furnishing liquor to minors. The Legislature has enacted criminal penalties on "any person" who gives, sells or otherwise furnishes liquor to minors.

This case involves furnishing liquor to a minor, not an adult, and is thus distinguishable from *Burkhart*. The Legislature established that persons under 21 years of age are a protected class under the Washington State Liquor Act, RCW Title 66. *Young*, 99 Wn.2d at 660 (citing *Callan v. O'Neil, supra*). We therefore conclude that RCW 66.44-.270(1) imposes a duty of care on social hosts not to serve liquor to minors. A minor may maintain an action against a social host where this duty is breached, and the injuries sustained by the minor are proximately caused by this breach.

If a social host breaches his or her duty not to furnish liquor to a minor, the trier of fact may consider the

---

[3]The dramshop act formerly provided a cause of action to anyone injured by an intoxicated person against anyone who sold or gave the liquor to the intoxicated person. *See* Laws of 1905, ch. 62, § 1, p. 120.

breach as *evidence* of negligence, rather than as negligence per se. *See* RCW 5.40.050. The Legislature has abolished the common law doctrine of negligence per se for cases filed on or after August 1, 1986. *See* RCW 5.40.050;[4] Laws of 1986, ch. 305, § 910, p. 1367. Because the petitioner filed this suit in 1988, the negligence per se doctrine does not apply.

The practical effect of RCW 5.40.050 is:

> to eliminate what might be called the "strict liability" character of statutory violations under the old negligence per se doctrine, [and] to allow a jury to weigh the violation, along with other relevant factors, in reaching its ultimate determination of liability.

*Doss v. ITT Rayonier, Inc.*, 60 Wn. App. 125, 129-30, 803 P.2d 4, *review denied*, 116 Wn.2d 1034 (1991). In weighing the relevant factors, the trier of fact may find a statutory violation is not negligence where the violation is due to some cause beyond the violator's control, and ordinary care could not have guarded against the violation. *See* 6 Wash. Prac., WPI 60.03 (3d ed. 1989); *Young*, 99 Wn.2d at 661 (interpreting the above language as an exception under the former negligence per se standard) (citing *Brotherton v. Day & Night Fuel Co.*, 192 Wash. 362, 369-70, 73 P.2d 788 (1937)). Whether or not ordinary care could have guarded against the statutory violations alleged here is a question for the trier of fact.

Petty argues that a social host's duty not to furnish liquor to a minor should be limited only to minors who subsequently drive while intoxicated. We note, however, that the concept of foreseeability determines the scope of the duty owed. *Christen v. Lee*, 113 Wn.2d 479, 492, 780 P.2d 1307 (1989). Foreseeability is normally an issue for the trier of fact. *Christen*, at 492. In order to establish foreseeability:

---

[4]RCW 5.40.050 allows for the following limited exceptions where the negligence per se doctrine continues to apply: "any breach of duty as provided by statute, ordinance, or administrative rule relating to electrical fire safety, the use of smoke alarms, or driving while under the influence of intoxicating liquor or any drug, shall be considered negligence per se."

the harm sustained must be reasonably perceived as being within the general field of danger covered by the specific duty owed by the defendant.

*Christen*, at 492 (quoting *Maltman v. Sauer*, 84 Wn.2d 975, 981, 530 P.2d 254 (1975)). Many minors do not drive, as they are ineligible to obtain drivers' licenses until the age of 16 years. RCW 46.20.031(1). It therefore remains a question for the trier of fact whether the harm 15-year-old Hansen sustained was foreseeable.

Although a minor may maintain a suit against a social host, two factors may limit the extent of a minor's recovery. First, minors can be found contributorially negligent for violating RCW 66.44.270(2) which provides: "It is unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor." In *Young*, this court held that the 19-year-old decedent who consumed alcohol in a *commercial host* setting was contributorially negligent *as a matter of law*. *Young*, 99 Wn.2d at 661-62. The issue of contributory negligence for minors from 6 to 16 years of age, however, is generally a question for the trier of fact. *Bauman v. Crawford*, 104 Wn.2d 241, 244, 704 P.2d 1181 (1985). Therefore, whether 15-year-old Hansen was contributorially negligent in this case is an issue for the trier of fact.

Second, a minor's recovery may be limited by RCW 5.40.060 which provides that:

It is a complete defense to an action for damages for personal injury or wrongful death that the person injured or killed was under the influence of intoxicating liquor . . . at the time of the occurrence causing the injury or death and that such condition was a proximate cause of the injury or death and the trier of fact finds such person to have been more than fifty percent at fault. . . .

A minor is thus barred by statute from receiving damages from a social host where the trier of fact finds the minor more than 50 percent at fault.

■ Even in view of social host liability for furnishing liquor to minors, Friend and Petty both argue that the trial court's summary judgment in their favor is still appropriate.

A court will grant summary judgment only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). The court must consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the non-moving party. *Wilson*, at 437. The motion will be granted only if reasonable persons could reach only one conclusion from all of the evidence. *Wilson*, at 437.

Friend argues summary judgment in his favor is appropriate because he did not give or otherwise supply liquor to Hansen. However, it is unclear from the record whether the liquor at the campsite was Petty's or both Friend's and Petty's. Questions of material fact remain in Friend's case. Summary judgment as to Friend is therefore inappropriate.

Petty argues summary judgment in his favor is appropriate for two reasons. First, he argues the record reflects he did not give any liquor to Hansen; rather, Hansen merely took the liquor without Petty's knowledge. Second, Petty argues the record does not reflect he knew or had reason to know Hansen was a minor. Petty failed to raise either of these arguments before the trial court. An appellate court will generally not consider arguments raised for the first time on appeal, and we decline to do so here. *See Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983). Summary judgment is inappropriate as to both Petty and Friend.

In conclusion, under RCW 66.44.270(1), it is a criminal act for any person, including a social host, to furnish liquor to a minor. Pursuant to this statute, social hosts owe a duty to exercise ordinary care not to furnish liquor to a minor. A minor may maintain an action against a social host where this duty is breached, and the injuries sustained by the minor are proximately caused by this breach. The minor's recovery, however, may be limited by a finding of contributory negligence. Moreover, if the trier of fact finds the minor

more than 50 percent at fault, the minor's recovery is entirely barred by statute.

Because questions of material fact remain in this case as to both respondents, we remand the case to the trial court for proceedings consistent with this opinion.

UTTER, BRACHTENBACH, ANDERSEN, and SMITH, JJ., concur.

DOLLIVER, J. (dissenting) — Like Julia, in *Burkhart v. Harrod*, 110 Wn.2d 381, 755 P.2d 759 (1988), the court whispered, "I will ne'er consent". Now, like Julia, it has consented. As is so many times the case in contemporary society, the court chooses to use as its vehicle for significant doctrinal change the presumed welfare of persons under the age of majority. In doing so, the court completely disconnects itself from its previous analysis of the duty of care for a social host who serves alcoholic beverages.

The underpinnings for *Burkhart*, which rested upon the belief that (1) the Legislature had effectively preempted the field relative to all aspects of alcoholic beverages (*Burkhart*, at 390 (quoting *Settlemyer v. Wilmington Veterans Post 49, Am. Legion, Inc.*, 11 Ohio St. 3d 123, 127, 464 N.E.2d 521 (1984))), and (2) the "judiciary is ill equipped" to impose social host liability, have been scuttled. *Burkhart*, 110 Wn.2d at 388. While the analysis of the majority moves briskly to the point and suggests considerable authority as it imposes a duty on a social host relative to minors, it is idle to infer the Legislature in enacting RCW 66.44.270(1) (Laws of 1933, 1st Ex. Sess., ch. 62, § 37(1), p. 193) somehow thought it was imposing a duty of care, actionable in tort, for a social host who serves liquor to minors; or that nearly 60 years hence that duty would be discovered by this court.

I have consistently held to the belief that without legislative mandate no tort action should lie against a host, either commercial (*Dickinson v. Edwards*, 105 Wn.2d 457, 482, 486, 716 P.2d 814 (1986) (Callow, J., dissenting; Durham, J.,

dissenting)) or social (*Burkhart v. Harrod, supra*) (*but see Young v. Caravan Corp.*, 99 Wn.2d 655, 663 P.2d 834, 672 P.2d 1267 (1983)), and continue to do so. Nothing which has occurred in the months since *Burkhart* persuades me otherwise. Furthermore, the Legislature has failed to act. Nonetheless, the majority, apparently transfixed by the facts before it and harboring a belief that "youth must be served", has determined it can and, indeed, should "take on a more creative role in usurping powers of [the Legislature]." *Burkhart*, 110 Wn.2d at 390. This is an odd way to maintain continuity in the law and surely does little to engender respect.

Thus, given the action of the court today, I do not believe it can any longer, with integrity, maintain its previous position. To do so would be a transparent charade. Although I dissent here, it seems more than likely that in the next case involving a social host the court will declare the doctrine of social host immunity has ceased to exist in this state and hold there is a duty by any social host toward those to whom the host has furnished alcoholic beverages. *Christen v. Lee*, 113 Wn.2d 479, 510, 780 P.2d 1307 (1989) (Utter, J., concurring in part, dissenting in part); *Burkhart*, 110 Wn.2d at 391 (Utter, J., concurring); Recent Cases, *Negligence — Social Host Liability — Social Hosts Not Liable for Accidents Caused by Intoxicated Guests. — Burkhart v. Harrod, 110 Wash. 2d 381, 755 P.2d 759 (1988)*, 102 Harv. L. Rev. 549 (1988-1989).

DORE, C.J., and DURHAM and GUY, JJ., concur with DOLLIVER, J.

Reconsideration denied April 7, 1992.