## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JEANETTE JOHNSTONE, an
individual,

        Appellant,

        v.

THE CITY OF SEATTLE, a municipal
corporation,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 78110-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 29, 2019

MANN, A.C.J. — Jeanette Johnstone appeals the trial court's summary judgment order dismissing her negligence claim against the City of Seattle (City). Johnstone contends there are disputes of material fact as to the applicable standard of care for tree pit maintenance and whether the City breached the standard of care for the tree pit where Johnstone fell and was injured. We reverse.

I.

Johnstone and her family were in the Capitol Hill neighborhood of Seattle on September 25, 2016, visiting her son for his birthday. Johnstone and her sister, Peggy Higby, were walking on the sidewalk near 925 East Pike Street, heading towards Johnstone's son's apartment when Johnstone fell and was injured.

Just prior to Johnstone's fall, Johnstone and Higby were walking on the left side of the sidewalk, nearest to the curb. A tree pit was also on the left side of the sidewalk. Neither Johnstone, nor Higby recalled the sidewalk being busy that morning. Johnston recalled "just walking along and the next thing I knew was—my left foot buckled and I fell." Johnstone's fall occurred next to a tree pit. Johnstone did not feel anything under her foot, but believes a "discontinuity between the tree well and the sidewalk" caused her fall.

After Johnstone's fall, the City evaluated the difference in height between the tree pit and the sidewalk and it ranged from ½ to 1¼ inches. Additionally, the City measured the distance between the edge of the tree pit and the nearest building and found that it was 76 inches, or 6 feet 4 inches.

Johnstone filed a lawsuit against the City, alleging the City breached its "duty to pedestrians . . . to provide safe sidewalks for normal use by pedestrians." The City filed for summary judgment, contending it was not required to maintain the tree pit for pedestrian use and Johnstone could not establish that the tree pit was unreasonably dangerous.

Johnstone presented a declaration and report from expert Tom Baird, a Certified Forensic Consultant. Based on his observations and measurements at the site, along with his review of applicable safety and design standards for tree pits and sidewalks, Baird opined that (1) the grade differential between the tree pit and the sidewalk, created an unreasonably hazardous and dangerous condition, (2) the vertical change in elevation between the tree pit and sidewalk was such that the City should have discovered the condition through reasonable care, (3) the vertical change in elevation

was the cause of Johnston's fall, (4) the tree pit was not maintained in a reasonably safe condition, (5) no warnings were given of the vertical elevation change, and (6) the condition should have been eliminated prior to the accident. Baird based his opinions on the national safety standards for acceptable change in elevation for pedestrian walkways and the City's failure to follow its own guidelines in the Seattle Right-of-Way Improvement Manual (City Manual). According to the City Manual, grade differential between sidewalks and tree pits should be "minimized." Baird also offered evidence that the City had notice of the condition. It appeared that the City periodically maintained the tree pits prior to Johnstone's accident. A City of Seattle, Department of Transportation (DOT) work order from June 24, 2015, indicated that the "tree pit needs fill, or tree grate adjustment" and "fill low tree pits with gravel/stabilizer on Pike Street from Broadway to 12th Avenue." DOT filled 12 tree pits on that day.

The trial court granted summary judgment in favor of the City, dismissing all claims. Johnstone appeals.

II.

Johnstone contends there is a genuine issue of material fact as to whether the City breached its duty to maintain tree pits in a reasonably safe condition. We agree.

We review an order of summary judgment de novo. Donatelli v. D.R. Strong Consulting Eng'g, Inc., 179 Wn.2d 84, 89, 312 P.3d 620 (2013). Summary judgment is appropriate if there "is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." CR 56(c). "The moving party bears the initial burden of showing the absence of an issue of material fact." Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). When the moving

party is the defendant and meets its initial burden, the burden shifts to the plaintiff to "make a showing sufficient to establish the existence of an element essential to that party's case." Young, 112 Wn.2d at 225. In reviewing summary judgment, the court considers all facts and inferences in the light most favorable to the nonmoving party. Donatelli, 179 Wn.2d at 89.

To establish a claim of negligence, a plaintiff must show the following elements: (1) that the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) injury to the plaintiff resulted; and (4) the defendant's breach was the proximate cause of the injury. Hoffstatter v. City of Seattle, 105 Wn. App. 596, 599, 20 P.3d 1003 (2001). "Negligence is generally a question of fact for the jury, and should be decided as a matter of law only 'in the clearest of cases and when reasonable minds could not have differed in their interpretation' of the facts." Bodin v. City of Stanwood, 130 Wn.2d 726, 741, 927 P.2d 240 (1996) (quoting Young v. Caravan Corp., 99 Wn.2d 655, 661, 663 P.2d 834 (1983)).

It is well settled that a city has a duty to maintain and repair its streets and sidewalks in order to keep them reasonably safe for ordinary travel. Keller v. City of Spokane, 146 Wn.2d 237, 249, 44 P.3d 845 (2002); The-Anh Nguyen v. City of Seattle, 179 Wn. App. 155, 164, 317 P.3d 518 (2014); 6A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 140.01 (6th ed. 2012) (WPI). A city also has a duty to maintain parking strips in a reasonably safe condition. Wilson v. City of Seattle, 146 Wn. App. 737, 741, 194 P.3d 997 (2008). Before the City may be liable for an unsafe condition it did not create, it must have notice of the condition and a reasonable opportunity to correct it. Wright v. City of Kennewick, 62 Wn.2d 163, 167, 381, P.2d 620

(1963). Notice is not required, however, when the City should have reasonably anticipated the condition would develop. Nguyen, 179 Wn. App. at 165. The issue of notice is not adequately briefed on appeal, thus we take no position on whether the City had actual or constructive notice, or whether the City should have reasonably anticipated this condition would occur. Instead, the only issues before this court are the standard of care applicable to tree pits and whether the City breached its duty to use ordinary care.

The City does not dispute that it has a duty to exercise ordinary care to maintain sidewalks in a condition safe for pedestrian travel, or that it has a duty to maintain parking strips in a reasonably safe condition. Instead, the City relies on Hoffstatter to support its position that there is no requirement to make tree pits as safe for travel as sidewalks.

In Hoffstatter, the plaintiff was crossing a parking strip when she tripped on uneven bricks. 105 Wn. App. at 598-99. Tree root growth had dislodged the bricks. Hoffstatter, 105 Wn. App. at 598-99. The plaintiff in Hoffstatter sued the City of Seattle, alleging negligence for failure to maintain the bricked parking strip in a condition safe for pedestrians. Hoffstatter, 105 Wn. App. at 599. The Hoffstatter court concluded that "uneven bricks do not render an area designed for public utility and landscaping unreasonably dangerous." Hoffstatter, 105 Wn. App. at 598.

While the uneven bricks were not unreasonably dangerous, the Hoffstatter court acknowledged that "[a] municipality is not an insurer of pedestrian safety; however, it must maintain a parking strip in a reasonably safe condition." Hoffstatter, 105 Wn. App. at 599-600 (citing Fletcher v. City of Aberdeen, 54 Wn.2d 174, 177, 338 P.2d 743

(1959)). A reasonably safe condition for a sidewalk is different than a parking strip or a tree pit because the purposes for each differ. Hoffstatter, 105 Wn. App. at 600. Sidewalks are "devoted almost exclusively to pedestrian use," while "parking strips frequently contain such objects as power and communication poles, utility meters and fire hydrants." Hoffstatter, 105 Wn. App. at 600. Parking strips are also frequently used "for beautification, such as grass, shrubbery, trees or other ornamentation." Hoffstatter, 105 Wn. App. at 600.

The City's reliance on Hoffstatter, however, is misplaced. First, unlike Hoffstatter, Johnstone fell while walking on the sidewalk next to a tree pit, not while crossing a parking strip. Second, unlike Hoffstatter, uneven bricks and growing tree roots within a parking strip are different conditions than the drop in elevation between a tree pit and the abutting sidewalk. Hoffstatter does not provide a detailed explanation of the condition of the bricks, from which to compare with the tree pit. Instead, Hoffstatter merely provides that the bricks were "uneven" and dislodged by tree roots growing beneath. Neither uneven bricks, nor growing tree roots are at issue here.

In response to the City's motion for summary judgment, Johnstone offered evidence establishing a disputed issue of material fact as to the proper duty of care owed by the City to pedestrians. Johnstone's expert, Baird, visited the tree pit, measured the grade differential, and opined that "the vertical change in elevation between the tree pit and the public sidewalk was an unreasonably hazardous and dangerous condition." Baird based his opinion on both the City Manual and the ¼ inch nationally recognized maximum vertical change in elevation on pedestrian walkways. The City Manual indicates that:

> Tree pits—grading: Shall be graded to provide a soil surface 2 inches below the adjacent sidewalk and curb elevation and be top dressed with bark, wood chips, cinder, or crushed angular aggregate material that is routinely maintained to minimize the grade differential between the sidewalk and open pit area.

"Minimize" is not defined in the City Manual. The City's work orders also demonstrate that the City conducts routine maintenance on tree pits. In sum, this evidence demonstrates a disputed issue of material fact as to the duty of care owed by the City to maintain tree pits adjacent to sidewalks in a reasonably safe condition, thus summary judgment is inappropriate.

"Whether one charged with negligence has exercised reasonable care is ordinarily a question of fact for the trier of fact." Bodin, 130 Wn.2d at 735. Since there is a disputed issue of material fact over the definition of reasonable care, summary judgment was not appropriate.

We reverse and remand.

_____
Mann, ACJ

WE CONCUR:

_____          _____
Leach, J                                  Dwyer, J.