[No. 19258-6-II.   Division Two.   December 20, 1996.]

DEBORAH KAY MATHIS, *Appellant*, v. JAMES WALTER
AMMONS, ET AL., *Respondents*.

*Craig W. Weston* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow, P.S.*, for appellant.

*R. Daniel Lindahl, Douglas F. Foley,* and *Bullivant, Houser, Bailey, Pendergrass & Hoffman*, for respondents.

MORGAN, J. — In this auto accident case, Deborah Mathis, the plaintiff, seeks to overturn a jury determination that James Ammons, the defendant, was not negligent. We affirm.

At about 8:30 a.m. on August 1, 1990, Ammons was driving a farm tractor west on Growlers Gulch Road, a narrow two lane road in rural Cowlitz County. The road

lacked a center line because it had recently been resurfaced.

Ammons was towing a hay rake that extended 18 inches to the left of the tractor's left rear tire. According to his later testimony, he was keeping the tractor and rake entirely within his lane of travel, and cars travelling in the opposite direction had room to pass. He was travelling at the tractor's maximum speed of about 14 miles per hour.

The morning was bright and sunny, and the tractor was passing in and out of shadows cast by roadside foliage. The tractor was not equipped with flashing amber hazard lights, even though it had been manufactured in 1979. The tractor was equipped with headlights, but Ammons did not have them on.

Ammons' failure to display flashing amber hazard lights was a traffic infraction and a violation of statute. RCW 46.37.160(1) provides:

> Every farm tractor and every self-propelled unit of farm equipment or implement of husbandry manufactured or assembled after January 1, 1970, shall be equipped with vehicular hazard warning lights of the type described in RCW 46.37.215 visible from a distance of not less than one thousand feet to the front and rear in normal sunlight, which shall be displayed whenever any such vehicle is operated upon a highway.

RCW 46.37.215(3) provides:

> Vehicular hazard warning signal lamps used to display such warning to the front shall be mounted at the same level and as widely spaced laterally as practicable, and shall display simultaneously flashing amber light . . . .

RCW 46.37.010 provides that it is a traffic infraction to violate a statute contained in RCW 46.37.

As Ammons came around a curve, according to his later testimony, he saw a car coming toward him, partly on his side of the road. When he first saw it, it was about 200

feet away and travelling at about 20-25 miles per hour. As it approached, he could see the driver looking in her mirror and touching her hair. Attempting to avoid a collision, he veered to his right. The car missed the tractor but hit the hay rake.

Mathis was the driver of the car. According to her later testimony, she was travelling entirely in her own lane at about 20 miles per hour. She was being attentive to the road and was not concerned with her hair. Ammons was "driving right square down the middle of the road," with "at least half" the tractor in her lane.[1] She saw Ammons only an instant before the collision, but she would have seen him sooner if he had been displaying flashing amber hazard lights.

On April 9, 1991, Mathis sued Ammons. She alleged that Ammons had been negligent in operating the tractor and hay rake, and that his negligence had proximately caused damage to her.

On December 19, 1994, a jury trial commenced. Mathis and Ammons testified as described above. Ammons did not offer evidence to excuse or justify the tractor's lack of flashing amber warning lights.

At the end of the evidence, the trial court instructed the jury that a statute required flashing amber hazard lights on a tractor like Ammons', and that a violation of statute was evidence of negligence, as opposed to negligence per se. The court stated in Instruction 11:

A statute provides that:

> Every farm tractor shall be equipped with vehicular hazard warning lights of the type described in RCW 46.37.215 visible from a distance of not less than one thousand feet to the front and rear in normal sunlight, which shall be displayed whenever any such vehicle is operated upon a highway.

RCW 46.37.215 provides that:

---

[1] Report of Proceedings II at 12.

(3) vehicular hazard warning signal lamps used to display such warning to the front shall be mounted at the same level and as widely spaced as practicable, and shall display simultaneously flashing amber light.

Additionally, the court stated in Instruction 15:

The violation, if any, of a statute is not necessarily negligence, but may be considered by you as evidence in determining negligence.

On December 21, the jury returned a special interrogatory finding that Ammons had not been negligent. In accordance with its instructions, it did not reach the issues of proximate cause, damages, or contributory negligence.

On January 12, 1995, Mathis moved for judgment pursuant to CR 50(b).[2] She argued that Ammons had violated RCW 46.37.160(1) and RCW 46.37.215, and had not produced evidence to excuse or justify the violation; thus, she reasoned, she was entitled to a finding of negligence as a matter of law and to a new trial on the issues of proximate cause and damages. The trial court denied the motion and entered judgment on the verdict.

Mathis argues on appeal, as she did in the trial court, that she is entitled to a finding of negligence as a matter of law. She bases her argument on Ammons' conceded violation of RCW 46.37.160(1) and RCW 46.37.215.

The elements of a negligence action are duty,

---

[2]CR 50(b) provides:

"**Motion for Judgment After Trial; Alternative Motion for New Trial.** Not later than 10 days after the entry of judgment or after the jury is discharged if no verdict is returned, whether or not the party has moved previously for judgment as a matter of law and whether or not a verdict was returned, a party may move for judgment as a matter of law. A motion for a new trial under rule 59 may be joined with a motion for judgment as a matter of law under this section, or a new trial may be requested in the alternative. If a verdict was returned, the court may, in disposing of the motion for judgment as a matter of law, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law. If no verdict was returned, the court may, in disposing of the motion, direct the entry of judgment as a matter of law or may order a new trial."

breach, proximate cause, and damages.[3] Duty is the duty to exercise ordinary care,[4] or, alternatively phrased, the duty to exercise such care as a reasonable person would exercise under the same or similar circumstances.[5] Breach is the failure to exercise ordinary care,[6] or, alternatively phrased, the failure to exercise such care as a reasonable person would exercise under the same or similar circumstances.[7] Breach is also called "negligence."[8]

Notwithstanding these elements, a statute may impose a duty that is additional to, and different from, the duty to exercise ordinary care. A statute has this effect when it meets a four-part test drawn from the RESTATEMENT (SECOND) OF TORTS: The statute's purposes, exclusively or in part, must be (1) to protect a class of persons that includes the person whose interest is invaded; (2) to protect the particular interest invaded; (3) to protect that interest against the kind of harm that resulted; and (4) to protect that interest against the particular hazard from which the harm resulted.[9]

When a statute meets this four-part test, a negligence action will involve not just a common law duty to exercise ordinary care, but also a statutory duty to comply with

---

[3]*Hansen v. Friend*, 118 Wn.2d 476, 479, 824 P.2d 483 (1992); *Hutches v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 220, 802 P.2d 1360 (1991); *Pedroza v. Bryant*, 101 Wn.2d 226, 228, 677 P.2d 166 (1984).

[4]*Nivens v. 7-11 Hoagy's Corner*, 83 Wn. App. 33, 41, 920 P.2d 241 (1996), *petition for review pending*, Sept. 6, 1996; *Schooley v. Pinch's Deli Mkt., Inc.*, 80 Wn. App. 862, 866, 912 P.2d. 1044, *review granted*, 129 Wn.2d 1025 (1996).

[5]*Fink v. Dixon*, 46 Wn.2d 794, 797, 285 P.2d 557 (1955); *Schooley*, 80 Wn. App. at 866; *Gall v. McDonald Indus.*, 84 Wn. App. 194, 926 P.2d 934 (1996); *Baughn v. Malone*, 33 Wn. App. 592, 597, 656 P.2d 1118 (1983).

[6]*Gall*, 84 Wn. App. at 199; *Schooley*, 80 Wn. App. at 874.

[7]*System Tank Lines v. Dixon*, 47 Wn.2d 147, 151, 286 P.2d 704 (1955); *Fink*, 46 Wn.2d at 797.

[8]*See System Tank Lines*, 47 Wn.2d at 151; *Fink*, 46 Wn.2d at 707.

[9]*Kelly v. Falin*, 127 Wn.2d 31, 38 n.2, 896 P.2d 1245 (1995); *Hansen*, 118 Wn.2d at 480-82; *Christen v. Lee*, 113 Wn.2d 502-03, 479-80, 780 P.2d 1307 (1989); *Schneider v. Strifert*, 77 Wn. App. 58, 61-62, 888 P.2d 1244 (1995); *Yurkovich v. Rose*, 68 Wn. App. 643, 649, 847 P.2d 925, *review denied*, 121 Wn.2d 1029 (1993); RESTATEMENT (SECOND) OF TORTS § 286 (1965).

whatever the pertinent statute says. Before 1986, a plaintiff could predicate liability on a breach of *either* duty. In other words, a plaintiff could recover by showing a failure to exercise ordinary care, proximate cause and damages;[10] or, alternatively, by showing a violation of statute, proximate cause and damages.[11]

In 1986, the Legislature enacted RCW 5.40.050. Effective in negligence cases filed on or after August 1, 1986,[12] it provides:

A breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence; however, any breach of duty as provided by statute, ordinance, or administrative rule relating to electrical fire safety, the use of smoke alarms, or driving while under the influence of intoxicating liquor or any drug, shall be considered negligence per se.

As can be seen, RCW 5.40.050 does not speak to when a statute imposes a duty. On the contrary, it assumes (a) the existence of a statutory duty and (b) a breach of that duty. Not surprisingly, then, it did not change the four-part Re-

[10]*Socony Mobil Corp. v. Forbes*, 64 Wn.2d 369, 373, 391 P.2d 971 (1964); *Graham v. Roderick*, 32 Wn.2d 427, 433, 202 P.2d 253 (1949); *Curtis v. Perry*, 171 Wash. 542, 547, 18 P.2d 840 (1933); W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 36 at 233 (5th ed. 1984); *see also Robison v. Simard*, 57 Wn.2d 850, 852, 360 P.2d 153 (1961) (car speed may be unreasonably excessive even though within the statutory limit).

[11]*Mina v. Boise Cascade Corp.*, 104 Wn.2d 696, 703-04, 710 P.2d 184 (1985); *Young v. Caravan Corp.*, 99 Wn.2d 655, 659-60, 663 P.2d 834, 672 P.2d 1267 (1983); *see also Kitt v. Yakima County*, 93 Wn.2d 670, 673-74, 611 P.2d 1234 (1980); *Jess v. McNamer*, 42 Wn.2d 466, 470, 255 P.2d 902 (1953); *Bowen v. Baumgardner*, 6 Wn. App. 18, 21, 491 P.2d 1301 (1971).

[12]LAWS OF 1986, ch. 305, § 910; *Hansen*, 118 Wn.2d at 483; *Purchase v. Meyer*, 108 Wn.2d 220, 229, 737 P.2d 661 (1987); *Adkins v. Aluminum Co. of Am.*, 110 Wn.2d 128, 144, 750 P.2d 1257, 756 P.2d 142 (1988); *Christen*, 113 Wn.2d at 502; *Fraser v. Beutel*, 56 Wn. App. 725, 739, 785 P.2d 470, *review denied*, 114 Wn.2d 1025 (1990); *Doss v. ITT Rayonier, Inc.*, 60 Wn. App. 125, 129 n.5, 803 P.2d 4, *review denied*, 116 Wn.2d 1034 (1991).

statement test for determining whether a statutory duty exists in a negligence case.[13]

Although RCW 5.40.050 did not change the test for determining when a statute imposes a duty, it did change the consequences of breaching a statutory duty. RCW 5.40.050 expressly states that the breach of a statutory duty is not negligence in and of itself, but rather is evidence of negligence.[14] Thus, it abrogates the pre-1986 idea that a plaintiff can satisfy the breach element of a negligence action by showing *either* a breach of a statutory duty *or* a breach of the common law duty of ordinary care. It requires instead that a plaintiff show a breach of the common law duty of ordinary care, while at the same time permitting a plaintiff to use the breach of a statutory duty as evidence of — i.e, as a factor indicating — a breach of the common law duty. In short, it makes the breach of a statutory duty admissible but not necessarily conclusive on the issue of negligence, which is the same as saying that it abolishes, subject to exceptions not pertinent here, the doctrine of negligence per se.[15]

■ Because of RCW 5.40.050, a trial judge can no longer find negligence as a matter of law merely because a statutory duty was violated without excuse or justification; rather, he or she must determine whether, in light of all the facts and circumstances of the case, reasonable minds could differ on whether the defendant used ordinary care. If all reasonable minds would conclude that the defendant failed to exercise ordinary care, the judge can find

[13]*Kelly*, 127 Wn.2d at 38 n.2; *Hansen*, 118 Wn.2d at 480-82; *Christen*, 113 Wn.2d at 502-03; *Schneider*, 77 Wn. App. at 61-62; *Yurkovich*, 68 Wn. App. at 649; RESTATEMENT (SECOND) OF TORTS § 286 (1965).

[14]*See also Gilbert H. Moen Co. v. Island Steel Erectors, Inc.*, 128 Wn.2d 745, 755, 912 P.2d 472 (1996); *State v. Warner*, 125 Wn.2d 876, 891, 889 P.2d 479 (1995); *Adkins*, 110 Wn.2d at 143-44; *Schneider*, 77 Wn. App. at 63; *Ottis Holwegner Trucking v. Moser*, 72 Wn. App. 114, 122 n.7, 863 P.2d 609 (1993); *Fraser*, 56 Wn. App. at 740; *Re v. Tenney*, 56 Wn. App. 394, 398, 783 P.2d 632 (1989).

[15]*Kelly*, 127 Wn.2d at 38 n.2; *Warner*, 125 Wn.2d at 891; *Hansen*, 118 Wn.2d at 483; *Christen*, 113 Wn.2d at 502; *Adkins*, 110 Wn.2d at 143; *Kennedy v. Sea-Land Serv., Inc.*, 62 Wn. App. 839, 853 n.5, 816 P.2d 75 (1991).

negligence as a matter of law.[16] If no reasonable mind could find that the defendant failed to exercise ordinary care, the judge can find the absence of negligence as a matter of law. In any other case, negligence is an issue for the trier of fact,[17] even when the defendant breached a duty imposed by statute.

Turning to this case, we assume, as Mathis asserts, that a rational trier of fact could have found Ammons negligent. Thus, the question to be decided is whether a rational trier of fact could alternatively have found that Ammons was exercising ordinary care despite his conceded breach of a statutory duty to display flashing amber hazard lights. If the answer is yes, negligence was for the jury to decide, and the verdict should stand. If the answer is no, Mathis is entitled to a finding of negligence as a matter of law, and the verdict should be overturned.

We think the answer is yes. Ammons was driving the tractor at about 8:30 on a bright and sunny morning. Although the road was narrow, there was room for oncoming cars to pass. Ammons testified that he was entirely on his side of the road, that Mathis was being inattentive, and that Mathis was infringing on his side of the road. Mathis testified that she did not observe Ammons until a moment before impact. Taken in the light most favorable

---

[16]*Yurkovich,* 68 Wn. App. at 653-54. In her brief, and again in a motion for reconsideration, Mathis argues that *Yurkovich* is contrary to the statements in the text. She bases her argument on four sentences selectively drawn from the *Yurkovich* opinion. When the opinion is read as a whole, however, it holds (1) that under RCW 5.40.050, evidence showing breach of a statute is evidence of negligence, not negligence per se (in other words, that evidence showing breach of a statute is admissible on, but not necessarily conclusive of, the issue of negligence); (2) that RCW 5.40.050 did not alter the common law principle that a trial court can direct a verdict on negligence if and only if, in light of *all* the evidence, reasonable minds could reach but one conclusion; and (3) that the plaintiff, Yurkovich, had presented evidence on which reasonable minds could reach but one conclusion regarding negligence. Thus, the opinion concludes that the trial court did not err by directing a verdict.

[17]*Schneider,* 77 Wn. App. 63-64; *see also Hansen,* 118 Wn.2d at 483; *Doss,* 60 Wn. App. at 129-30.

to Ammons,[18] the facts are such that a rational trier could have found that Ammons was exercising ordinary care under the circumstances then existing, even though he was also subject to a traffic citation for not displaying flashing amber hazard lights. We conclude that negligence was a question for the jury, and that the trial court did not err by declining to find negligence as a matter of law.

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SEINFELD, C.J., and HOUGHTON, J., concur.

After modification, further reconsideration denied January 21, 1997.

Review denied at 132 Wn.2d 1008 (1997).

---

[18]*Industrial Indem. Co. v. Kallevig,* 114 Wn.2d 907, 915-16, 792 P.2d 520 (1990).