990 P.2d 968 (2000)
98 Wash.App. 677
ESTATE OF BRUCE TEMPLETON, by and through its personal representative, Gloria TEMPLETON; Gloria Templeton; and the Estate of Travis P. Templeton, by and through its personal representative, Gloria Templeton, Appellant,
v.
Stan DAFFERN and Jean Daffern, husband and wife; Dan Daffern and "Jane Doe" Daffern, husband and wife, Rick Hanson and "Jane Doe" Hanson, husband and wife; and Mike Vaardahl and "Jane Doe" Vaardahl," husband and wife, Respondents,
Jim Collens and Karen Collens, husband and wife; Lisa Scheffler and "John Doe" Scheffler, wife and husband, Defendants.
No. 23111-5-II.
Court of Appeals of Washington, Division 2.
January 7, 2000.
Reconsideration Denied February 3, 2000.
*969 Harold B. Field, Murray Dunham Murray, Seattle, William John Murphy, Federal Way, Klaus Otto Snyder, Sumner, for Respondents.
Brett Andrews Purtzer, Law Offices of Monte Hester, Tacoma, for Appellant.
Mike Vaardahl, Orting, Pro Se.
MORGAN, J.
We are asked to decide whether a social host who does not furnish alcohol to a minor, but who permits the minor to consume on the host's premises alcohol obtained elsewhere, owes to the minor a common law duty of reasonable care. Answering no, we affirm the trial court's grant of summary judgment to the defendants.
In September 1994, Stan and Jean Daffern owned property improved with a house and nearby cabin. They lived in the house. Their son Dan and his roommate, Mike Vaardahl, *970 lived in the cabin.[1] The house and cabin are served by the same driveway.
Early in the evening of September 9, 1994, Dan and Mike left the cabin to attend separate engagements. It is uncontroverted that there was no alcohol in the cabin at that time.
Starting about 11 p.m. and extending into the wee hours, the cabin was the site of a teenage drinking party. "[A]t any given time," according to the plaintiffs, "there were approximately 10 to 15 cars in the driveway and 20 to 25 people attending the party, most of whom were minors. The music was extremely loud, people were coming and going and cars were driving in and out of the driveway all night."[2]
Stan and Jean were in the main house during the party. According to them, they did not know the party was taking place. According to the plaintiffs, they must have known the party was taking place. In any event, neither of them took any action to stop or control the party.
Dan and Mike returned to the cabin while the party was in progress.[3] Although neither brought any alcohol, each joined in the party and consumed alcohol that others had brought.[4]
Travis Templeton, age 16, was one of those who attended the party. Despite his minority, he consumed an unknown amount of alcohol.[5] He left the party driving a borrowed car, and shortly thereafter crashed into a tree. Tragically, he was killed.
The plaintiffs filed a negligence complaint against Stan, Jean and Dan Daffern, and also against Vaardahl. The defendants moved for summary judgment, arguing that a social host has no duty under the circumstances present here. Relying on RCW 66.44.270(1), the plaintiffs responded that a social host has a statutory duty not to permit a minor "to consume liquor on his or her premises or on any premises under his or her control." The trial court granted the defendants' motion, and the plaintiffs filed this appeal.
The common law of negligence controls civil liability for alcohol-related activity.[6] Although Washington once had a Dramshop Act,[7] it repealed that act in 1955.[8]
The common law of negligence distinguishes between the commercial vendor and the social host. The commercial vendor owes a duty of reasonable care to the minor but not the adult vendee;[9] to the minor vendee's minor transferee;[10] and to the third person *971 foreseeably injured by a minor vendee,[11] a minor vendee's minor transferee,[12] or an over-served adult vendee.[13] The social host owes a duty of reasonable care to a minor to whom the host furnishes alcohol,[14] but not to third persons injured by the minor[15] or the minor's transferee.[16]
To date, the common law of negligence has not provided that a social host can be negligent merely by permitting a minor to consume, on the host's premises, alcohol that the host did not furnish. The plaintiffs, however, urge us to take that step.
At the root of any common law negligence action is the common law duty to exercise reasonable care[17] (or, in alternative terms, the common law duty to exercise at least as much care as a reasonable person would exercise under the same or similar circumstances).[18] This duty is breached when a defendant fails to exercise ordinary care[19] (or, in alternative terms, when a defendant fails to exercise as much care as a reasonable person would exercise under the same or similar circumstances).[20] Any such failure is "negligence."[21]
A common law negligence action can involve a statutory duty as well a common law one, but only if the statute specifying such duty meets the four-part test in RESTATEMENT (SECOND) OF TORTS § 286 (1965).[22] That test requires that the statute's purposes be (1) to protect a class of persons that includes the person whose interest is invaded; (2) to protect the particular interest invaded; (3) to protect that interest against the kind of harm that resulted; and (4) to protect that interest against the particular hazard from which the harm resulted.[23]
Before 1986, a plaintiff could predicate liability on either the breach of a common law duty of reasonable care, or the breach of an applicable statutory duty.[24] In other words, a plaintiff could recover by showing a failure to exercise ordinary care, proximate *972 cause and damages;[25] or, alternatively, by showing the violation of an applicable statute, proximate cause and damages.[26] When a plaintiff sought to predicate liability on the breach of a duty imposed by statute, he or she was relying on "the doctrine of negligence per se."[27]
In 1986, the legislature enacted RCW 5.40.050. That statute provides:
A breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence; however, any breach of duty as provided by statute, ordinance, or administrative rule relating to electrical fire safety, the use of smoke alarms, or driving while under the influence of intoxicating liquor or any drug, shall be considered negligence per se.
RCW 5.40.050 did not change the Restatement's four-part test for determining whether a statutory duty applies in a negligence case[28] RCW 5.40.050 assumes the existence of a statutory duty, as well as a breach of that dutybut it did change the legal effect of breaching a statutory duty that has been determined to apply. By stating that the breach of a statutory duty is not negligence, but only evidence of negligence,[29] it provided, essentially, that a plaintiff must always show the existence and breach of the common law duty of reasonable care, even though the plaintiff can show the existence and breach of an applicable statutory duty as evidence ofi.e., as a factor indicatinga breach of the common law duty. Concomitantly, it abrogated the pre-1986 idea that a plaintiff could recover by showing either the applicability and breach of a statutory duty, or the existence and breach of the common law duty of reasonable care. In short, it made the breach of an applicable statutory duty admissible but not sufficient to prove negligence, and in that way abolished the doctrine of "negligence per se."[30]
Necessarily, these concepts governed the decision in Hansen v. Friend, the only Washington case that imposes a common law duty of ordinary care on a social host's handling of alcohol.[31] The actors in Hansen were Keith Hansen, age 15, Robert Friend, age 21, and Robert Petty, age 21. On April 24, 1987, Hansen obtained liquor at his parents' house *973 and took it to Friend's house. Hansen and Friend drank all night and into the next morning. Petty came over during the morning, with two or three half-cases of beer (24-36 bottles), and the three set out to go camping at a lake. On the way, Perry bought another 6-pack of beer (bringing the total to 30-42 bottles of beer). Around 6:30 p.m., they arrived at the lake and made camp. During the evening, they ate and drank beer. By 11:30 p.m., they had apparently finished the beer, for Hansen went to steal more. While away from the camp, he fell in the lake and drowned. When his mother later brought a wrongful death action against Friend and Petty, the trial court granted a summary judgment of dismissal, but the Supreme Court reversed.
Expressly, the Supreme Court found that the defendants had violated a statutory duty. RCW 66.44.270(1) provided in part that "[i]t is unlawful for any person to sell, give, or otherwise supply liquor to any person under the age of twenty-one years."[32] The statute met the four-part Restatement test.[33] Therefore, the defendants had a statutory duty not to furnish alcohol to a minor, which they had violated by furnishing alcohol to Hansen.
Necessarily, the Supreme Court also found that the defendants had violated a common law duty to exercise reasonable care. The events at issue occurred in April 1987. By then, RCW 5.40.050 provided, subject to exceptions not pertinent here, that "[a] breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence[.]" A breach of a duty imposed by statute cannot be evidence of negligence unless negligence is an issue in the case, and negligence cannot be an issue in the case unless the defendant owes a common law duty of reasonable care.[34] Before the Supreme Court could reverse, then, it had to conclude that the defendants owed a common law duty to exercise reasonable care, and that a jury could find that the defendants had failed to exercise such care in light of all the circumstances. If the court had reversed based only on a breach of statutory duty, it would have violated RCW 5.40.050 and resurrected the doctrine of negligence per se.
As a consequence of these observations, we address two questions here. (1) Did the defendants owe Travis Templeton a statutory duty not to permit him to consume alcohol on their premises? (2) Did the defendants owe Travis Templeton a common law duty to exercise reasonable care in light of all the circumstances?
The first question is easily dealt with. RCW 66.44.270(1) provides in part, "It is unlawful for any person to ... permit any person under [age 21] to consume liquor on his or her premises or on any premises under his or her control."[35] The purposes of this language are the same as the purposes of the language that was at issue in Hansen.[36] Those purposes satisfied the four-part Restatement test in Hansen,[37] so they satisfy the Restatement test here as well. We hold that RCW 66.44.370(1) imposes a statutory duty not to permit a minor to consume alcohol on the host's premises.[38]
*974 The second question is the dispositive one. The plaintiffs can prevail if the defendants owed Travis Templeton a common law duty of reasonable care in addition to their statutory duty not to permit him to consume alcohol on their premises. Because of RCW 5.40.050, however, the plaintiffs cannot prevail based on a statutory violation alone.
Whether a defendant owes a common law duty of reasonable care is a question of law.[39] "[I]t is to be answered generally, without reference to the facts or parties in a particular case,"[40] in part by "tak[ing] notice of `legislative facts'social, economic, and scientific facts that `simply supply premises in the process of legal reasoning.'"[41] Other considerations include "logic, common sense, justice, policy, and precedent;"[42] earlier "constitutional, legislative, and judicial expressions of public policy;"[43] and a "balancing of interests" that well may compete.[44] These considerations are different from, and much broader than, the Restatement's four-part test for whether a particular statute imposes a statutory duty.[45]
There are two competing interests in this case. One is the social host's interest in not being subject to a duty that he or she cannot effectively perform.[46] The other is the minor's interest in being protected from the consequences of consuming alcohol while immature.[47]
When a social host knowingly furnishes alcohol to a minor, these interests may balance in favor of the minor.[48] The host could easily have refrained from furnishing alcohol, and but for the host's conduct the minor would not have had alcohol to consume.
When a social host does not furnish alcohol to a minor, but merely permits a minor to consume alcohol on the host's premises, these interests balance in favor of the host. As the Supreme Court recently asked rhetorically:
Is the host required to card persons at social and family gatherings? Must the host hire a bartender to control and monitor the alcohol in the home so that a minor cannot obtain alcohol at a party? Must the host assure that a minor has not brought outside alcohol to the gathering? Must the host obtain a breathalyzer to check all minor guests before leaving the premises?[[49]]
*975 Moreover, if a social host expels from the host's premises a minor who has obtained his or her own alcohol, the minor may take the alcohol and resume drinking at a different location.
In balancing in favor of the host who does not furnish alcohol, we are greatly influenced by the Supreme Court's recently announced reluctance to expand, beyond the holding in Hansen v. Friend, the class of persons protected by a social host's common law duty of ordinary care. In Reynolds v. Hicks,[50] the court refused to include in such class a third party injured by the minor to whom a social host had furnished alcohol. In Crowe v. Gaston,[51] the court similarly refused to include a third party injured by the minor transferee of a minor to whom a social host had supplied alcohol. In the Reynolds case, three justices stated:
Because of the inherent differences between social hosts and commercial vendors, we have indicated our reluctance to allow a cause of action against a social host to the same extent that we have recognized commercial vendor liability. We have explained:
There is good reason to withhold common law liability for social hosts even though such liability already exists for commercial and quasi-commercial hosts. Social hosts are not as capable of handling the responsibilities of monitoring their guests' alcohol consumption as are their commercial and quasi-commercial counterparts....
....
Additionally, the implications of social host liability are so much more wide sweeping and unpredictable in nature than are the implications of commercial host liability. While liability for commercial providers affects only a narrow slice of our populations, social host liability would touch most adults in the state on a frequent basis. Because social hosts are generally unaccustomed to the pressures involved in taking responsibility for the intoxication of their guests, we cannot predict how well social hosts would respond when the scope of their duties would be so ill defined.
....
The differences between the ability of commercial vendors and social hosts in regulating the consumption of alcohol along with the far-reaching implications of social host liability are persuasive reasons for not expanding liability in this case. As Justice Dolliver noted in his dissent in Hansen, the "judiciary is ill-equipped' to impose social host liability."[[52]]
Three other justices would have gone farther, apparently transforming the distinction between commercial vendor and social host into a bright-line rule. They stated that the social host "should not be liable for injuries to third parties caused by an intoxicated minor guest" and, in effect, that Hansen v. Friend should be overruled.[53] In all, six justices indicated that they were disinclined to expand social host liability.
Following this lead, we here decline to extend the social host's common law duty of reasonable care beyond Hansen v. Friend. Although the host owes a common law duty of reasonable care to a minor whom the host has knowingly furnished with alcohol, the social host does not owe a common law duty of reasonable care to a minor whom the host has not furnished with alcohol, even if the host permits the minor to consume, on the host's premises, alcohol that the minor obtained elsewhere. Accordingly, the trial *976 court did not err by dismissing the complaint.
Affirmed.
BRIDGEWATER, C.J., and HUNT, J., concur.
NOTES
[1] Although the record is not clear, it appears that Dan was under 21 and Mike was over 21.
[2] Appellant's Brief at 5 (citations to record omitted).
[3] This may have been as early as 11:00 p.m. for Mike and 11:30 p.m. for Dan. Two of the plaintiff's declarants stated that Vaardahl was already at the cabin when they arrived at 11:00 p.m. Clerk's Papers at 63, 75. Four of the plaintiff's declarants stated that they arrived at the cabin between 11:00 p.m. and midnight and that Dan arrived about one-half hour later. Clerk's Papers at 62; 64; 71; 74. Vaardahl stated that he "returned to the cabin at approximately 12:30 to 1:00 a.m." on September 10, 1994. Clerk's Papers at 101. Dan stated that he "returned to the cabin around 2 a.m." Clerk's Papers at 35.
[4] This is a disputed fact that we view in the light most favorable to the plaintiffs. Dan claims that he "stopped the party immediately" upon discovering it. Clerk's Papers at 35.
[5] The evidence does not show how much Travis drank, or the extent (if any) to which he was affected by what he drank. This may be because the parties did not debate causation at the trial court level.
[6] Wilson v. Steinbach, 98 Wash.2d 434, 437-38, 656 P.2d 1030 (1982); Halvorson v. Birchfield Boiler, 76 Wash.2d 759, 762, 458 P.2d 897 (1969). Statutes, of course, control a defendant's criminal liability. See, e.g., RCW 66.44.
[7] Former RCW 4.24.100 (derived from Laws of 1905, ch. 62, § 1); Wilson, 98 Wash.2d at 437, 656 P.2d 1030; Halvorson, 76 Wash.2d at 761, 458 P.2d 897.
[8] Laws of 1955, ch. 372; Wilson, 98 Wash.2d at 437, 656 P.2d 1030; Halvorson, 76 Wash.2d at 761, 458 P.2d 897.
[9] Kelly v. Falin, 127 Wash.2d 31, 42, 896 P.2d 1245 (1995) (adult vendee); Young v. Caravan Corp., 99 Wash.2d 655, 660-61, 663 P.2d 834, 672 P.2d 1267 (1983) (minor vendee); Callan v. O'Neil, 20 Wash.App. 32, 39-40, 578 P.2d 890 (1978) (minor vendee).
[10] Schooley v. Pinch's Deli Market, Inc., 134 Wash.2d 468, 478, 951 P.2d 749 (1998).
[11] Purchase v. Meyer, 108 Wash.2d 220, 228, 737 P.2d 661 (1987); Baughn v. Malone, 33 Wash. App. 592, 595, 656 P.2d 1118 (1983).
[12] Crowe v. Gaston, 134 Wash.2d 509, 516, 951 P.2d 1118 (1998).
[13] Kelly, 127 Wash.2d at 37, 896 P.2d 1245; Christen v. Lee, 113 Wash.2d 479, 504-05, 780 P.2d 1307 (1989); Dickinson v. Edwards, 105 Wash.2d 457, 466, 479, 716 P.2d 814 (1986) (plurality decision).
[14] Hansen v. Friend, 118 Wash.2d 476, 482, 824 P.2d 483 (1992); see also Wilson, 98 Wash.2d at 438, 656 P.2d 1030.
[15] Reynolds v. Hicks, 134 Wash.2d 491, 501-02, 951 P.2d 761 (1998); Mills v. Estate of Schwartz, 44 Wash.App. 578, 584, 586, 722 P.2d 1363, review denied, 107 Wash.2d 1010 (1986).
[16] Crowe, 134 Wash.2d at 520-522, 951 P.2d 1118.
[17] Mathis v. Ammons, 84 Wash.App. 411, 415-16, 928 P.2d 431 (1996), review denied, 132 Wash.2d 1008, 940 P.2d 653 (1997); Nivens v. 7-11 Hoagy's Corner, 83 Wash.App. 33, 41, 920 P.2d 241 (1996), aff'd, 133 Wash.2d 192, 943 P.2d 286 (1997); Schooley v. Pinch's Deli Market, Inc., 80 Wash.App. 862, 866, 912 P.2d 1044, aff'd, 134 Wash.2d 468, 951 P.2d 749 (1998).
[18] Fink v. Dixon, 46 Wash.2d 794, 797, 285 P.2d 557 (1955); Mathis, 84 Wash.App. at 416, 928 P.2d 431 (citations omitted); Schooley, 80 Wash. App. at 867, 912 P.2d 1044; Gall v. McDonald Indus., 84 Wash.App. 194, 203, 926 P.2d 934 (1996), review denied, 131 Wash.2d 1013, 932 P.2d 1256 (1997); Baughn, 33 Wash.App. at 597, 656 P.2d 1118.
[19] Gall, 84 Wash.App. at 206, 926 P.2d 934; Schooley, 80 Wash.App. at 874, 912 P.2d 1044.
[20] System Tank Lines v. Dixon, 47 Wash.2d 147, 151, 286 P.2d 704 (1955); Mathis, 84 Wash.App. at 416, 928 P.2d 431; Fink, 46 Wash.2d at 797, 285 P.2d 557.
[21] See Mathis, 84 Wash.App. at 416, 928 P.2d 431; System Tank Lines, 47 Wash.2d at 151, 286 P.2d 704; Fink, 46 Wash.2d at 797, 285 P.2d 557.
[22] Hansen, 118 Wash.2d at 480-83, 824 P.2d 483; Mathis, 84 Wash.App. at 416, 928 P.2d 431.
[23] Kelly v. Falin, 127 Wash.2d 31, 38 n. 2, 896 P.2d 1245 (1995); Hansen, 118 Wash.2d at 480-82, 824 P.2d 483; Christen, 113 Wash.2d at 502-03, 780 P.2d 1307; Schneider v. Strifert, 77 Wash.App. 58, 61-62, 888 P.2d 1244 (1995); Mathis, 84 Wash.App. at 416, 928 P.2d 431; Yurkovich v. Rose, 68 Wash.App. 643, 649, 847 P.2d 925, review denied, 121 Wash.2d 1029, 856 P.2d 382 (1993); RESTATEMENT (SECOND) OF TORTS § 286 (1965).
[24] Mathis, 84 Wash.App. at 416-17, 928 P.2d 431.
[25] Socony Mobil Corp. v. Forbes, 64 Wash.2d 369, 373, 391 P.2d 971 (1964); Graham v. Roderick, 32 Wash.2d 427, 433-34, 202 P.2d 253, 6 A.L.R.2d 1237 (1949); Curtis v. Perry, 171 Wash. 542, 547, 18 P.2d 840 (1933); W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 36 at 233 (Lawyer's Ed., 5th ed.1984); see also Robison v. Simard, 57 Wash.2d 850, 852, 360 P.2d 153 (1961) (car speed may be unreasonably excessive even though within the statutory limit).
[26] Mina v. Boise Cascade Corp., 104 Wash.2d 696, 703-04, 710 P.2d 184 (1985); Young, 99 Wash.2d at 659-60, 663 P.2d 834; see also Kitt v. Yakima County, 93 Wash.2d 670, 673-74, 611 P.2d 1234 (1980); Jess v. McNamer, 42 Wash.2d 466, 470, 255 P.2d 902 (1953); Bowen v. Baumgardner, 6 Wash.App. 18, 21, 491 P.2d 1301 (1971). Insofar as plaintiffs rely on Young's statement that "[t]he standard of conduct required of a reasonable person may be prescribed by legislative enactment," see Appellant's Brief at 8 (citing 99 Wash.2d at 659, 663 P.2d 834), they rely on a statement that RCW 5.40.050 made obsolete.
[27] See, e.g., Purchase, 108 Wash.2d at 228, 737 P.2d 661; Mina, 104 Wash.2d at 703, 710 P.2d 184.
[28] Kelly, 127 Wash.2d at 38 n. 2, 896 P.2d 1245; Hansen, 118 Wash.2d at 480-82, 824 P.2d 483; Christen, 113 Wash.2d at 502-03, 780 P.2d 1307; Schneider, 77 Wash.App. at 61-62, 888 P.2d 1244; Yurkovich, 68 Wash.App. at 649, 847 P.2d 925; RESTATEMENT (SECOND) OF TORTS § 286 (1965).
[29] See Gilbert H. Moen Co. v. Island Steel Erectors, Inc., 128 Wash.2d 745, 755, 912 P.2d 472 (1996); State v. Warner, 125 Wash.2d 876, 891, 889 P.2d 479 (1995); Adkins v. Aluminum Corp. of America, 110 Wash.2d 128, 143-44, 750 P.2d 1257, 756 P.2d 142 (1988); Schneider, 77 Wash. App. at 63, 888 P.2d 1244; Ottis Holwegner Trucking v. Moser, 72 Wash.App. 114, 122 n. 7, 863 P.2d 609 n. 7 (1993); Fraser v. Beutel, 56 Wash.App. 725, 740, 785 P.2d 470 (1990); Re v. Tenney, 56 Wash.App. 394, 398, 783 P.2d 632 (1989).
[30] Kelly, 127 Wash.2d at 38 n. 2, 896 P.2d 1245; Warner, 125 Wash.2d at 891, 889 P.2d 479; Hansen, 118 Wash.2d at 483, 824 P.2d 483; Christen, 113 Wash.2d at 502, 780 P.2d 1307; Adkins, 110 Wash.2d at 143, 750 P.2d 1257; Kennedy v. Sea-Land Serv. Inc., 62 Wash.App. 839, 853 n. 5, 816 P.2d 75 (1991); Doss v. ITT Rayonier, Inc., 60 Wash.App. 125, 129-30, 803 P.2d 4, review denied, 116 Wash.2d 1034, 813 P.2d 583 (1991).
[31] Hansen, 118 Wash.2d at 483, 824 P.2d 483.
[32] RCW 66.44.270(1).
[33] Hansen, 118 Wash.2d at 480-82, 824 P.2d 483.
[34] The Hansen court expressly recognized the effect of RCW 5.40.050. It said:

If a social host breaches his or her duty not to furnish liquor to a minor, the trier of fact may consider the breach as evidence of negligence, rather than as negligence per se. See RCW 5.40.050. The Legislature has abolished the common law doctrine of negligence per se for cases filed on or after August 1, 1986. [Citations omitted.] Because the petitioner filed this suit in 1988, the negligence per se doctrine does not apply.
Hansen, 118 Wash.2d at 482-83, 824 P.2d 483 (emphasis in original).
[35] RCW 66.44.270(1).
[36] Hansen, 118 Wash.2d at 481-82, 824 P.2d 483.
[37] Hansen, 118 Wash.2d at 480-82, 824 P.2d 483.
[38] RCW 66.44.180 provides:

Every person guilty of a violation of this title for which no penalty has been specifically provided shall be liable, on conviction, for a first offense to a penalty of not more than five hundred dollars, or to imprisonment for not more than two months, or both; for a second offense to imprisonment for not more than six months; and for a third or subsequent offense to imprisonment for not more than one year.
[39] Crowe, 134 Wash.2d at 515, 951 P.2d 1118; Schooley, 134 Wash.2d at 474, 951 P.2d 749; Hansen, 118 Wash.2d at 479, 824 P.2d 483.
[40] Gall, 84 Wash.App. at 202, 926 P.2d 934; Nivens, 83 Wash.App. at 41, 920 P.2d 241; Schooley, 80 Wash.App. at 866, 912 P.2d 1044.
[41] Wyman v. Wallace, 94 Wash.2d at 99, 102, 615 P.2d 452, aff'd, 94 Wash.2d 99, 615 P.2d 452 (1980).
[42] Keates v. City of Vancouver, 73 Wash.App. 257, 265, 869 P.2d 88, review denied, 124 Wash.2d 1026, 883 P.2d 327 (1994); see also Hartley v. State, 103 Wash.2d 768, 779, 698 P.2d 77 (1985) (considerations related to legal causation).
[43] Roberts v. Dudley, 92 Wash.App. 652, 659, 966 P.2d 377 (1998), review granted, 137 Wash.2d 1019, 980 P.2d 1281 (1999); see also Wilmot v. Kaiser Aluminum & Chemical Corp., 118 Wash.2d 46, 63, 821 P.2d 18 (1991); Thompson v. St. Regis Paper Co., 102 Wash.2d 219, 232, 685 P.2d 1081 (1984) (Washington courts recognize common law "cause of action ... for wrongful discharge if the discharge of the employee contravenes a clear mandate of public policy").
[44] Whaley v. State, 90 Wash.App. 658, 672, 956 P.2d 1100 (1998); see also Hunsley v. Giard, 87 Wash.2d 424, 435, 553 P.2d 1096 (1976) (court must balance "the interest of the injured party to compensation against the view that a negligent act should have some end to its legal consequences").
[45] See RESTATEMENT (SECOND) OF TORTS § 286 (1965).
[46] See Reynolds, 134 Wash.2d at 497-99, 951 P.2d 761; Crowe, 134 Wash.2d at 520-21, 951 P.2d 1118.
[47] Reynolds, 134 Wash.2d at 499, 951 P.2d 761; Mills, 44 Wash.App. at 584, 722 P.2d 1363; Hostetler v. Ward, 41 Wash.App. 343, 354, 704 P.2d 1193 (1985).
[48] See Hansen, 118 Wash.2d at 482, 824 P.2d 483.
[49] Reynolds, 134 Wash.2d at 498-99, 951 P.2d 761.
[50] Reynolds, 134 Wash.2d at 497, 951 P.2d 761.
[51] Crowe, 134 Wash.2d at 520, 951 P.2d 1118.
[52] Reynolds, 134 Wash.2d at 497-99, 951 P.2d 761 (citations omitted).
[53] Reynolds, 134 Wash.2d at 503, 951 P.2d 761 (Durham, C.J., concurring) ("the Defendants are not liable for the reasons expressed in the dissent in Hansen v. Friend"); see Hansen, 118 Wash.2d at 486, 824 P.2d 483 (Dolliver, J., dissenting) ("without legislative mandate no tort action should lie against a host"). See also Crowe, 134 Wash.2d at 509, 951 P.2d 1118 (social host's common law duty of reasonable care will not be expanded to protect third persons injured by the minor transferee of a minor to whom the social host had knowingly furnished alcohol); Mills v. Estate of Schwartz, 44 Wash.App. 578, 722 P.2d 1363 (1986) (tortfeasor claimed contribution from social host; claim rejected because social host did not owe duty to injured third party).