144

[No. 20981-4-III.   Division Three.   January 23, 2003.]

JASON I. SKEIE, *Appellant*, v. MERCER TRUCKING COMPANY, INC., *Respondent*.

*James A. Domanico* (of *Crary, Clark & Domanico, P.S.*), for appellant.

*John C. Riseborough* and *Vicki L. Higby* (of *Paine, Hamblen, Coffin, Brooke & Miller, L.L.P.*), for respondent.

SCHULTHEIS, J. — Jason Skeie was seriously injured when the car he occupied crashed head-on into a tractor-trailer and the trailer's load of cement blocks fell onto him. He sued the driver of the car he occupied and Mercer Trucking Company, Inc. On motion for summary judgment, Mercer argued that it did not have a duty to "accident proof" its truck in anticipation of the other driver's negligence and Mr. Skeie's particular injuries. Clerk's Papers at 25. The trial court granted summary judgment and dismissed the claims against Mercer.

On appeal, Mr. Skeie contends Mercer is a concurrent tortfeasor whose admitted negligence in tying down the cement blocks is both cause in fact and the legal cause of his injuries. We find that Mercer's failure to secure the load pursuant to statutory standards was a legal cause of Mr. Skeie's injuries, and reverse.

## FACTS

In February 2000, Mr. Skeie was a passenger in a pickup truck driven by Nichole Sturckler. As the pickup approached an intersection on a four-lane avenue, Ms. Sturckler swerved around another vehicle and back into the inside lane. At the last minute, Ms. Sturckler noticed that another car was stopped ahead. She hit her brakes and slid across the center line, crashing head-on into the Mercer tractor. Both Mr. Skeie and Ms. Sturckler were ejected from the pickup and fell onto the road. A load of cement blocks was strapped onto tandem flatbed trailers attached to the tractor. Upon impact, some of the cement blocks broke through the straps and fell upon Mr. Skeie and Ms. Sturckler, injuring both. Mr. Skeie sustained a brain injury, broken bones, a ruptured spleen, and other injuries.

On April 25, 2001, Mr. Skeie sued Ms. Sturckler and Mercer for damages due to negligence. Mercer moved for summary judgment in December 2001. Along with his response to the motion filed on January 23, 2002, Mr. Skeie filed affidavits from several witnesses, including Phill

Bellgardt, a safety inspector for commercial vehicles. In its order granting the summary judgment, the trial court did not include the Bellgardt affidavit as one of the materials it reviewed.

## LEGAL CAUSATION

■ On appeal, Mr. Skeie contends the trial court erred in concluding that Mercer did not have a duty to protect him from the injuries caused by the falling cement blocks. As the party moving for summary judgment, Mercer had the initial burden of showing that Mr. Skeie could not establish the elements of a negligence claim. *Gall v. McDonald Indus.*, 84 Wn. App. 194, 202 & n.17, 926 P.2d 934 (1996). Summary judgment is warranted when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Tanner Elec. Coop. v. Puget Sound Power & Light*, 128 Wn.2d 656, 668, 911 P.2d 1301 (1996). Because the facts are not disputed in this case, we confine our analysis to whether Mercer is entitled to dismissal of the claims against it as a matter of law.

■ Preliminarily, Mercer moves this court to exclude from the record on appeal the affidavit of Mr. Bellgardt. Mercer contends the trial court declined to consider the affidavit for procedural violations. Mr. Skeie disagrees and asserts that the trial court found the affidavit unnecessary in light of Mercer's admission that it had not secured the cement blocks in compliance with federal regulation or state statute. The record does not support either contention. At any rate, all documents called to the attention of the trial court are properly before this court on appeal. RAP 9.12; *Mithoug v. Apollo Radio of Spokane*, 128 Wn.2d 460, 462, 909 P.2d 291 (1996). Mr. Skeie filed Mr. Bellgardt's affidavit along with other affidavits on the same day he filed his response to Mercer's motion for summary judgment. The affidavit was thus called to the attention of the trial court and is properly before this court in the record on appeal. *Id.* Mercer's motion to exclude the affidavit is denied.

In a negligence action, the plaintiff must show duty, breach of that duty, and injury proximately caused by the breach. *Hartley v. State*, 103 Wn.2d 768, 777, 698 P.2d 77 (1985). Proximate cause is further divided into two elements: cause in fact and legal cause. *Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 478, 951 P.2d 749 (1998). Cause in fact—the "but for" element of proximate cause—and injury are conceded for the purposes of summary judgment in this case. Mercer stipulated that the load of cement blocks may not have been secured in compliance with RCW 46.61.655 or Federal Motor Carrier Safety Regulation 393.100(I)(a). It also conceded that the cement blocks broke through the inadequate restraints and fell upon Mr. Skeie, injuring him. What Mercer disputes is that it breached a duty to protect Mr. Skeie from the events that actually occurred. In other words, it contends Mr. Skeie fails to prove legal causation.

Legal causation is concerned with how far a defendant's liability should extend, based on policy grounds. *McCoy v. Am. Suzuki Motor Corp.*, 136 Wn.2d 350, 359, 961 P.2d 952 (1998). When the facts are not disputed, the determination of legal causation is a matter of law. *Schooley*, 134 Wn.2d at 478. In our analysis of the issue, we focus on whether, as a matter of policy, the connection between the ultimate injury and the act of the defendant is too remote or insubstantial to impose liability. *Id.* at 478-79. The question can be posed thus: Was the defendant under a duty to protect the plaintiff against the event that did in fact occur? *Hartley*, 103 Wn.2d at 779 (quoting WILLIAM PROSSER, TORTS 244-45 (4th ed. 1971)).

Duty may arise from a legislatively created standard of conduct or from a judicially imposed standard. *Amend v. Bell*, 89 Wn.2d 124, 132, 570 P.2d 138 (1977). Mr. Skeie contends Mercer owed a duty under RCW 46.61.655 and federal regulations to securely fasten its load so that the load would not endanger anyone on the public roads. Pertinent to this duty, RCW 46.61.655 provides that

(1) No vehicle shall be driven or moved on any public highway unless such vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking, or otherwise escaping therefrom . . . . Any person operating a vehicle from which any glass or objects have fallen or escaped, which would constitute an obstruction or injure a vehicle or otherwise endanger travel upon such public highway shall immediately cause the public highway to be cleaned of all such glass or objects and shall pay any costs therefor.

(2) No person may operate on any public highway any vehicle with any load unless the load and such covering as required thereon by subsection (3) of this section is securely fastened to prevent the covering or load from becoming loose, detached, or in any manner a hazard to other users of the highway.

In order for a statutory duty to arise, the statute must (1) protect a class of people that includes the person whose interest was invaded, (2) protect the particular interest invaded, (3) protect that interest against the kind of harm that resulted, and (4) protect that interest against the particular hazard that caused the harm. *Estate of Templeton v. Daffern*, 98 Wn. App. 677, 682, 990 P.2d 968 (2000) (citing RESTATEMENT (SECOND) OF TORTS § 286 (1965)). Breach of a statutory duty is evidence of negligence. *Id.* at 684.

In this case, RCW 46.61.655 protects all who travel on public roads against injury from improperly secured loads that fall from vehicles. Mr. Skeie was a member of the class of people who travel on public roads. He was also injured by an improperly secured load of cement blocks that fell upon him. The operative question, however, is whether the statute was designed to protect Mr. Skeie from the particular hazard that occurred here. Mr. Skeie contends that because collisions are to be expected on public roads, Mercer was obligated to fasten its load at least to minimum safety standards so as to protect against injuries from falling loads in a collision. Mercer responds that there is no legally recognized duty to anticipate and protect against the negligent or illegal activity of another, citing *Amend*, 89 Wn.2d at 132-33 (disallowing the seat belt defense). *Amend* is

inapposite, however, because it holds merely that a defendant cannot diminish the consequences of his or her negligence by arguing that the plaintiff should have anticipated the defendant's negligence. 89 Wn.2d at 132.

Washington courts recognize that it is reasonably foreseeable, even statistically inevitable, that vehicles will be involved in collisions. *Baumgardner v. Am. Motors Corp.*, 83 Wn.2d 751, 522 P.2d 829 (1974) (manufacturer liability for defective seat locking mechanism and defective seat belt involved in a collision caused by another's negligence). In *Baumgardner*, the Washington Supreme Court held that a manufacturer can be held liable in negligence for design or manufacture defects that proximately cause enhanced injuries, even when those defects do not cause or contribute to the original collision. *Id.* at 753, 758. Although a product may be safe for its intended use, its manufacturer may still be liable for other unsafe uses that are reasonably foreseeable. *Id.* at 757. *Baumgardner* does not discuss legal causation, but its analysis and recognition that vehicle collisions are foreseeable provide a framework for the determination of the existence or nonexistence of duty. *Id.* at 756-58.

In determining the scope of legal cause, we ask whether the protected class—those who travel on public roads—was foreseeably put at risk by the inadequate securing of the cement load. *Gall*, 84 Wn. App. at 208. The language of RCW 46.61.655(2) provides that a load on a vehicle must be securely fastened to prevent the load from becoming detached, "or in any manner a hazard to other users of the highway." One of the foreseeable causes of load detachment is sudden stops or sudden movement caused by a highway collision. Although the improperly secured load did not cause the collision in this case, it clearly enhanced the injuries that resulted. As explained in *Anderson v. Dreis & Krump Manufacturing Corp.*, 48 Wn. App. 432, 442, 739 P.2d 1177 (1987):

> Unlike factual causation, legal causation "hinges on principles of responsibility, not physics", *Van Buskirk v. Carey Can[adian] Mines, Ltd.*, 760 F.2d 481, 492 (3d Cir. 1985), and the determination of legal causation rests on policy considerations as to

how far the legal consequences of a defendant's act should extend. Consequently, the existence of legal causation between two events is determined "on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent." W. Prosser, *Torts* § 42, at 249 (4th ed. 1971) (quoting 1 T. Street, *Foundations of Legal Liability* 110 (1906)).

(Citation omitted.)

Considering the statutory duty to secure a load so that it does not fall and create a hazard to other users of the road, RCW 46.61.655, we conclude that Mercer owed a legally enforceable, societally recognized obligation to secure a load so that it would not detach during a collision. *See Schooley v. Pinch's Deli Market, Inc.*, 80 Wn. App. 862, 876, 912 P.2d 1044 (1996), *aff'd* 134 Wn.2d 468, 476, 951 P.2d 749 (1998) (discussing the duty component of legal causation). Mercer's failure to comply with the minimum statutory safety standards for securing the blocks is evidence of negligence. *Estate of Templeton*, 98 Wn. App. at 684 (breach of a statutory duty is evidence of negligence). Consequently, the trial court erred in granting summary judgment dismissal of Mr. Skeie's claims against Mercer.

Summary judgment is reversed.

SWEENEY and KURTZ, JJ., concur.

Reconsideration denied March 7, 2003.