**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMANUEL ROY, | No. 20-36079 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00235-RMP |
| v. | |
| PIONEER HUMAN SERVICES; SPOKANE RESIDENTIAL REENTRY CENTER; DAN SIGLER; CARLOS SOLORZA; SUSAN JOHNSON-CONNORS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted March 22, 2022 [**]

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Emmanuel Roy appeals pro se from the district court's judgment and its order denying remand of his action against Pioneer Human Services, Spokane Residential Reentry Center, Dan Sigler, Carlos Solorza, and Susan Johnson-Connors (hereafter "defendants") to the Spokane County Superior Court in the State of Washington. The district court determined that it had federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We reverse and remand.

Roy's cause of action for "Damages for Breach of Statutory Duty" is a state law tort claim. *See Ranger Ins. Co. v. Pierce County*, 192 P.3d 886, 889 (Wash. 2008); *Est. of Templeton ex rel. Templeton v. Daffern*, 990 P.2d 968, 972 (Wash. Ct. App. 2000). While the cause of action involves a federal issue because its resolution requires consideration of whether 18 U.S.C. § 3624 imposed a duty on defendants and whether defendants breached that duty, the federal issue does not meet the requirements for the exercise of federal question jurisdiction over a state law claim. *See Gunn v. Minton*, 568 U.S. 251, 258, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013); *Saldana v. Glenhaven Healthcare LLC*, __ F.4th __, __, No. 20-56194, 2022 WL 518989 at *6 (9th Cir. Feb. 22, 2022). The federal issue is "necessarily raised" and "actually disputed," but it is not "substantial" or "capable of resolution in federal court without disrupting the federal-state balance

approved by Congress." *See Gunn*, 568 U.S. at 258, 133 S. Ct. at 1065; *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 683, 700–01, 126 S. Ct. 2121, 2127, 2137, 165 L. Ed. 2d 131 (2006).

The face of Roy's complaint showed that he was asserting state law claims for "Damages for Retaliation" and "Damages for Failure to Train & Supervise - Respondeat Superior," not 42 U.S.C. § 1983 claims. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987); *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (per curiam). While Roy's cause of action was entitled "Retaliation," he alleged the elements of negligence. *See Ranger Ins. Co.*, 192 P.3d at 889. Additionally, he alleged causes of action under Washington law for respondeat superior and negligent training and supervision. *See Thompson v. Everett Clinic*, 860 P.2d 1054, 1056–57 (Wash. Ct. App. 1993) (respondeat superior); *Evans v. Tacoma Sch. Dist. No. 10*, 380 P.3d 553, 564 (Wash. Ct. App. 2016) (negligent training and supervision).

Because there was no federal question jurisdiction based on Roy's causes of action for breach of statutory duty, retaliation, or respondeat superior, the district court did not have supplemental jurisdiction over Roy's remaining state law

claims.  *See* 28 U.S.C. § 1367(a).

The judgment is **REVERSED** and the case **REMANDED** to the district court with instructions to remand the case to the Spokane County Superior Court in the State of Washington.