IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

MAYRA C. GARCIA REYES,

               Respondent,

and

ESTEBAN J. REYES,

               Appellant.

No. 86752-1-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, C.J. — Esteban Reyes appeals the trial court's order that granted Mayra Garcia Reyes' motion for reconsideration and entered new final parenting and child support orders. He argues for the first time on appeal that Mayra failed to establish valid grounds for reconsideration under CR 59(a). Because Esteban did not raise any CR 59 procedural objections in the trial court, he failed to preserve them for appeal. Separately, he does not show that his arguments fall within an exception to RAP 2.5(a) such that we could reach the merits. Accordingly, we affirm.

FACTS

Mayra and Esteban[1] married in September 2012 and separated in November 2021. They have two children. In February 2023, Mayra filed a petition

_____

[1] Because the parties share the same last name, we refer to them by their first names for clarity as they did in briefing. No disrespect is intended.

for dissolution. She requested child support consistent with state law, Esteban's proportional share of daycare and educational expenses, and that she be allocated both child tax exemptions annually.

In June 2023, the parties filed an amended joint petition for dissolution. The amended petition maintained Mayra's original requests regarding child support, expenses, and tax exemptions. Esteban did not file a separate response. At the pretrial conference, the court identified property distribution, a parenting plan, and child support as the issues for trial.

The parties agreed to proceed with an informal family law trial under King County Local Family Law Rule 23. Each submitted proposed parenting plans and child support worksheets before trial. Both parties named Mayra as the custodian of the children.

Mayra proposed that the children live primarily with her and visit Esteban every other weekend according to the informal schedule they had been following for the year and a half prior to trial. Mayra also requested back child support from December 2021, an award for Esteban's proportional share of uninsured medical and daycare expenses from the date of separation through trial, and exclusive right to claim both children on her tax returns. She provided the required financial documents in support of her requests for the award of back child support and child care expenses, along with the child support worksheets.

Esteban proposed a 50/50 residential schedule, alternating weeks with Sunday exchanges. He requested a child support deviation to zero and suggested

splitting tax exemptions evenly each year or alternating if only one child could be claimed.

After the conclusion of the informal family law trial, the court adopted Esteban's residential schedule and designated him as custodian, despite its finding that Mayra had been the primary caretaker. The court ordered Mayra to pay $1,456.56 per month in child support, with no downward deviation, despite its implementation of a residential schedule that provided the parents with equal time. It denied her requests for back child support and daycare expenses and ordered the parties to alternate child tax exemptions annually, with Esteban claiming both children in 2023.

Mayra moved for reconsideration under CR 59(a)(1), (5), (7), and (9). She argued that Esteban should not receive tax exemptions for 2023, having paid no child support that year, despite the fact that the children resided with her, and her child support obligation appeared intended to equalize the household incomes like spousal maintenance. She contended that the trial court's failure to order back child support and daycare contributions lacked legal and evidentiary support. She also argued that naming Esteban as custodian contradicted the evidence and the court should have prioritized the best interests of the children in crafting a residential schedule, rather than seeking to foster parental involvement. Ultimately, she claimed that substantial justice had not been done in the court's final parenting plan and child support order.

Esteban opposed the motion. He acknowledged the daycare expenses should be split moving forward but otherwise defended the original orders as within

the court's discretion. He did not respond to Mayra's arguments under CR 59(a) or dispute the court's authority to grant reconsideration.

Mayra replied with a declaration rebutting Esteban's factual claims and a "Strict Reply Argument" presenting her legal analysis. The trial court found good cause existed to grant reconsideration and adopted a new parenting plan that named Mayra custodian and restored the prior every-other-weekend schedule. It ordered Esteban to pay $26,767.00 in back child support and $11,812.50 in back daycare expenses, granted both tax exemptions to Mayra for 2023, and allocated one exemption to each parent in subsequent years. The court maintained its order that established Mayra as the child support obligor, but ordered a downward deviation of the amount based on the new residential schedule.

Esteban timely appealed.

ANALYSIS

I.    Preservation of Challenge to Reconsideration

Esteban argues that the trial court erred when it granted Mayra's motion for reconsideration because she failed to satisfy any of the four subsections of CR 59(a) she invoked. He does not challenge the substance of the orders entered after reconsideration, but focuses solely on the purported procedural deficiencies of this stage of the proceeding. Specifically, Esteban contends that the trial court did not identify the legal basis for its ruling and asserts that Mayra's arguments failed to meet the requirements of CR 59(a)(1), (5), (7), or (9). In response, Mayra argues that the trial court acted within its discretion. She further asserts that

Esteban waived these procedural objections by raising them for the first time on appeal. Mayra is correct.

An appellate court may refuse to review any claim of error which was not raised in the trial court. RAP 2.5(a). "The purpose of this rule is to afford the trial court an opportunity to correct errors, thereby avoiding unnecessary appeals and retrials." *Demelash v. Ross Stores, Inc.*, 105 Wn. App. 508, 527, 20 P.3d 447 (2001). Although the rule generally precludes new arguments on appeal, it can be circumvented if the appellant demonstrates that the trial court did not have jurisdiction, the opposing party did not establish facts on which relief could be granted, or a manifest error affecting a constitutional right occurred. RAP 2.5(a). To invoke the final exception, the appellant must identify a constitutional error and demonstrate that the error caused actual prejudice, that is, a practical and identifiable consequence at trial. *See In re De Facto Parentage of A.H.*, 28 Wn. App. 2d 412, 421, 536 P.3d 719 (2023) ("'[A] party may raise' a 'manifest error affecting a constitutional right' for the first time on appeal." (quoting RAP 2.5(a)).

Here, in his response to Mayra's motion for reconsideration, Esteban argued only that the original orders were within the range of the court's discretion. He did not cite CR 59(a), much less analyze the standard under the rule. He further failed to object to the court's authority to reconsider its orders, or otherwise argue that Mayra's motion was procedurally deficient. He did not raise the errors at trial that he now complains of on appeal. Consequently, the trial court did not have the opportunity to consider the arguments that he now raises, and Esteban has not shown that any of the RAP 2.5(a) exceptions apply. He does not argue that the

trial court lacked jurisdiction. Nor does he assert that Mayra's motion failed to state a legal or factual basis for relief. Instead, he simply challenges the court's failure to explain its ruling and disputes whether the evidence supported the relief granted.[2] These are not valid grounds under RAP 2.5(a)(2). *See Mukilteo Ret. Apts., LLC v. Mukilteo Inv'rs. LP*, 176 Wn. App. 244, 258-59, 310 P.3d 814 (2013) (party who concedes at trial that contract was valid cannot invoke RAP 2.5(a)(2) on appeal to argue lack of proof of an element).

Esteban's sole reference to RAP 2.5 appears in his reply brief. He contends that Mayra's argument is meritless because "Mayra complains about [him] raising new issues on appeal even though she herself raised the issues on appeal" and he "did nothing more than appropriately respond to her arguments." But RAP 2.5(a) does not allow a party to avoid waiver simply by labeling a new argument as responsive. We have long held that "[a]rguments or theories not presented to the trial court will generally not be considered on appeal." *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 290, 840 P.2d 860 (1992); *see also Hansen v. Friend*, 118 Wn.2d 476, 485, 824 P.2d 483 (1992); *In re Marriage of Tang*, 57 Wn. App. 648, 655, 789 P.2d 118 (1990); *Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983). His late attempt to characterize the arguments he presented in opposition to reconsideration as properly preserving the precise challenges he now raises on appeal is unavailing.

---

[2] Esteban also does not identify any constitutional error. He argues that he lacked a meaningful opportunity to respond to Mayra's reply declaration, but does not contend that this deprived him of due process or affected a constitutional right. *See A.H.,* 28 Wn. App. 2d at 421 ("The party must demonstrate actual prejudice through a 'plausible showing . . . that the asserted error had practical and identifiable consequences' in the proceeding below." (alteration in original) (internal quotation marks omitted) (quoting *State v. O'Hara*, 167 Wn.2d 91, 99, 217 P.3d 756 (2009)).

Because Esteban did not raise any CR 59 procedural objections in the trial court and has not shown that his arguments fall within any exceptions to RAP 2.5(a), they are not preserved, and we decline to reach the merits of his appeal.

II.    Attorney Fees

Mayra requests attorney fees and costs on appeal under RAP 18.9. "RAP 18.9(a) permits an award of attorney fees as a sanction for filing a frivolous appeal." *In re Marriage of Hannah*, 27 Wn. App. 2d 577, 591, 541 P.3d 372 (2023), *review denied*, 2 Wn.3d 1015 (2024). "An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal." *In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

While Esteban did not prevail, his appeal was not so lacking in merit as to warrant sanctions under RAP 18.9(a). Accordingly, we deny Mayra's request for attorney fees and costs on appeal.

Affirmed.

_____

WE CONCUR:

_____    _____
Chung, J.                              Mann, J.